## VIOLETT v. PATTON.

To constitute a consideration it is not necessary that a benefit should accrue to the promisor. It is sufficient that something valuable flows from the promisee, and that the promise is the inducement to the transaction.

A blank endorsement upon a blank piece of paper with intent to give a person credit, is in effect a letter of credit. And if a promissory note be afterwards written on the paper, the endorsor cannot object that the note was written after the endorsement.

The English statute of frauds requires that the *agreement* should be in writing; the statute of Virginia requires only the *promise* to be in writing.

Before resort can be had to the endorsor of a promissory note in Virginia, the maker must be sued, if solvent; but

ERROR to the circuit court for the district of Columbia, sitting at Alexandria, to reverse a judgment in an action of *assumpsit*, brought by Patton, as endorsee of a promissory note, against Violett, the endorsor. The note was made by *Brooke*, payable, in 30 days, at the bank of Alexandria, to the order of Violett, and by him endorsed to Patton.

The declaration had two counts. The first was upon the endorsement, and stated the making of the note by Brooke, for value received; the assignment by endorsement to Patton, (but did not state that the assignment was for value received,) by means whereof, and of the statute of Virginia, Patton had a right to demand and receive the money from Brooke; the demand of payment from Brooke; his refusal and insolvency at the time of demand; and notice thereof to Violett, whereby he became liable, and in consideration thereof promised to pay, &c.

The other count was for money had and received.

At the trial of the general issue, the defendant below took two bills of exceptions.

The first was to the following opinions and instructions of the court to the jury, viz.

That if the jury should be satisfied by the evidence that the defendant endorsed the note with intent to give a credit for the amount thereof to Brooke with the plaintiff, and that the body of the note was filled up by the plaintiff before it was signed by Brooke, and that the plaintiff, upon the faith of the note so drawn and endorsed, gave credit to Brooke to the amount thereof; the circumstance

4

of such endorsement being made before the body of
the note was filled up by the plaintiff and signed by
Brooke, is no bar to the plaintiff's recovery in this
action; although the jury should be satisfied that no
other value was received by the defendant for his
endorsement than the credit thus given by the plain-
tiff to Brooke. And further, that the endorsement
by the defendant with the intent aforesaid, if proved,
authorized Brooke to make the note to the plaintiff
in the form and manner in which it appears upon the
face of it to be made; and that the circumstance
that the body of the note was in the hand-writing of
the plaintiff, was wholly immaterial to the present
issue.

VIOLETT
v.
PATTON.

his insolvency
renders a suit
against him
unnecessary.
It is a question
to be left to
the jury whe-
ther a suit a-
gainst the ma-
ker would have
produced the
money.

The second bill of exceptions stated, that the de-
fendant prayed the court to instruct the jury that if
they should be satisfied by the evidence that Brooke,
at the time the note became payable, or at any time
previous to the commencement of this action, had
property sufficient to pay the debt claimed by the
plaintiff, and that both he and the plaintiff lived in
the town of Alexandria at the time the note became
due, and that the plaintiff brought no suit against
Brooke to recover the amount of the note, but suf-
fered him to leave the district of Columbia, without
suing him : or if the jury should be satisfied that
the plaintiff and Brooke have, since the note became
due, both lived in the county of Fairfax, in Virginia,
and have continued to reside there until the bring-
ing of the present suit, and that the plaintiff has not
brought suit against Brooke in Virginia, then the
defendant is not liable in this action. But the court
refused to give those instructions as prayed.

*E. J. Lee*, for the plaintiff in error.

1. The endorsement, being on a blank piece of
paper, and delivered with intent to give credit to
Brooke, but without an *express* authority to him to
fill up the paper with a promissory note, did not au-
thorize him so to fill it up. But if Brooke was so
authorized, Patton was not. There does not ap-

pear to have been any communication between Patton and Violett upon the subject.

The cases of *Russel and Langstaffe*, *Doug.* 514. and *Collins* v. *Emett*, 1 *H. Bla.* 313. do not apply; because in those cases it appears that the body of the note was filled up by the person authorized, and who was to use it for his benefit; and because the principles of those cases are not drawn from the common law, but from the custom of merchants, which is not applicable to promissory notes in Virginia, which are there placed upon the same footing as bonds, and subject only to the same common law principles.

2. There was no consideration from Patton to Violett. The defendant in error must show a good and valuable consideration. *Chitty*, 9. 4 *Mod.* 242. 1 *Strange*, 674. *Buller*, 274. 2 *Bl. Com.* 445. 1 *Fonb. Eq.* 331, 332. 335, 336. 7 *Term Rep.* 350. *Rann* v. *Hughes*.

A consideration which will support an *assumpsit* must be either a benefit to the defendant, or a prejudice to the plaintiff; but here Violett received no benefit, and Patton no prejudice.

It does not appear that Patton gave a credit *solely* in consequence of Violett's endorsement. On the contrary, there was no communication between them, so that there was no undertaking on the part of Violett to Patton, except what the law implies from the endorsement; and that implication is founded upon a presumption that the endorsor received value, and can be extended no farther than the value received.

It does not appear that Patton would not have credited Brooke without Violett's endorsement.

3. The endorsement, being in blank, was not a writing signed by him; and the undertaking being to pay the debt of another, is void by the statute of frauds of Virginia.

At common law the holder of the paper had no right to fill up the endorsement so as to make it a promise in writing. Such a right in mercantile cases is founded only on the custom of merchants. The undertaking in writing must set out the precise terms of the promise, as well as the consideration. *Prec. Ch* 560. *Strange*, 426. 1 *Atk.* 13. 5 *East*, 10. *Wain* v. *Warlters.* Brooke was clearly liable for this debt. And it is laid down as a principle, that if he for whose use the goods are furnished be liable at all, the promise of a third person must be in writing, or it is void. *Roberts*, 209. But if this is a parol promise, it must be made to appear that the credit was given to Violett *alone.* 1 *H. Bla.* 120. 2 *Term Rep.* 80.

4. Violett is not liable, if Brooke, at the time the note became due, and at the time the suit was brought, had property sufficient to pay the amount of the note, and Patton did not at any time bring suit against Brooke.

In *Mackie* v. *Davis*, 2 *Wash.* 219. it is decided that the holder of a bond must use due diligence for the *recovery* of the money. In *Lee* v. *Love*, 1 *Call*, 497. the assignee of a note must *sue* the maker before he can resort to the endorsor.

The case of *Fenwick* v. *Barkesdale*, decided in the court of appeals in Virginia, in *October*, 1803, affirms the general doctrine laid down in *Mackie* v. *Davis*, and shows that a suit is necessary, and is the only kind of diligence which is meant.

It also proves that it is not sufficient to show that the maker of the note was not able to pay *all* his debts; but the plaintiff must go further and show that he was not able to pay the *particular debt* due to him by the note.

The oath which is taken under the insolvent law of Virginia, shows what is meant by the term *insol-*

VIOLETT
v.
PATTON.

*vent.* He must swear that he is not worth 30 dollars, exclusive of his wearing apparel.

The insolvency of the drawee of a bill is no excuse for neglect to give notice of its dishonour. *Chitty,* 88. *Doug.* 497. 515.

. *Swann,* contra.

The case of *Russel* and *Langstaffe, Doug.* 514. is clear as to the authority given by an endorsement on a blank piece of paper.

It is a letter of credit. The defendant has given the bearer of it authority to use it, and cannot deny the authority when it is executed. This is a mercantile transaction depending upon good faith, in which the want of consideration can never be alleged. 3 *Burr.* 1663. *Pillans & Rose* v. *Van Mierop & Hopkins.* It is a *promise in writing,* which is sufficient to take it out of the Virginia statute of frauds. The defendant cannot be permitted to say that the endorsement was blank, and the plaintiff had no authority to fill it up, unless he can show that the confidence he placed in Brooke and the plaintiff has been abused.

If the maker of a note be insolvent when the note becomes due, it is not necessary that the holder should bring suit against him. Brooke might have had property enough to pay this note, and yet be insolvent: And it does not follow because he *might* have paid this note, that he would have paid it if suit had been brought, or that he could have been compelled to pay it.

. *Youngs,* in reply.

No action can be sustained upon the *endorsement* of the note. The act of assembly respecting promissory notes gives no action against the endorsor. It only gives the assignee a right to recover in his own name against the maker. The action

against the endorsor is only at common law, upon the ground that the consideration paid for the note has failed. The legislature of Virginia did not mean to extend the liability of the endorsor farther than that. They had the statute of Anne before them, but they did not choose to adopt it; they preferred to place notes in the class with bonds rather than with bills of exchange. The endorsor is liable only upon the principle of money had and received to the plaintiff's use. 1 *Cranch*, 298. *Mandeville* v. *Riddle.* 2 *Wash.* 219. 221. *Mackie* v. *Davis.* 2 *Wash.* 248. *Norton* v. *Rose.* If there be no consideration, if the defendant has never received value for the note, he is not liable upon any of the grounds stated in those cases. Between immediate parties the want of consideration is always a good defence, even in England. *Kyd*, 276.

In an action against a *surety* for money had and received; you cannot recover if the money were received by the principal, although the surety join in giving a receipt for it. 2 *Term Rep.* 366. *Straton* v. *Rastall.*

In a written agreement to pay the debt of another, the consideration must be stated as well as the promise. 5 *East*, 10. *Wain* v. *Warlters.*

MARSHALL, Ch. J. Do you mean to state that if A. writes a letter to B. stating that if B. will let C. have goods, A. will pay for them if C. does not, A. would not be bound?

*Youngs.* Probably in that case it would be considered that the letter did state the consideration.

In the case of *Clark* v. *Russel*, 3 *Dal.* 415. it was decided by this court, that the whole agreement must be in writing, and that nothing can be supplied by parol. It must be a complete agreement, or it will not support an action at law. And upon the count for money had and received, you must prove a consideration in money actually received by

the defendant, and can then recover only the amount of that consideration. Suppose a note endorsed for accommodation at the bank, and the bank refuse to discount it. If the endorsee puts it in circulation can the holder recover upon it against the endorsor?

If the promise be in writing, there must still be a consideration, and you can recover only to the extent of that consideration. *7 Term Rep.* 350. *Rann v. Hughes.*

MARSHALL, Ch. J. The question seems to be whether the declaration must not state the consideration?

WASHINGTON, J. In *Mackie v. Davis* there was a special consideration.

LIVINGSTON, J. The case of a promissory note is the only case where you need not state a consideration in your declaration.

MARSHALL, Ch. J. My impression is very strong that in Virginia there has been a general practice to consider an endorsor as liable upon an implied promise; and to declare upon it without averring a consideration.

*Youngs.* If there must be a consideration to support the *assumpsit*, it must be averred in the declaration. *Simms v. Cook,* 2 *Call. Winston v. Francisco,* 2 *Wash.* 187. *Taliaferro v. Robb,* 2 *Call,* 258.

*February 23.*

MARSHALL, Ch. J. delivered the opinion of the court as follows:

This case comes on upon two exceptions; one to the opinion of the circuit court given to the jury, and the other to the refusal of that court to give an

opinion which was prayed by the counsel for the defendant below.

The declaration contains two counts. One upon the endorsement of a promissory note, and the other for money had and received to the plaintiff's use. The question arising on the first bill of exceptions is, whether the court erred in directing the jury respecting the liability of the defendant below, on the endorsement which was the foundation of the action.

The endorsement was made before the note was written; and it appeared that the body of the note was filled up by Patton. The opinion of the court was, that, if the jury should be satisfied, from the testimony, that Violett endorsed this paper for the purpose of giving Brooke a credit with Patton, and that, upon the faith of the note so drawn and endorsed, Patton did credit Brooke to the amount thereof, the circumstances, that the note was made subsequent to the endorsement, without any consideration from Brooke to Violett, and was filled up by the plaintiff, did not bar the action; and, further, that the said Brooke was to be considered as authorized by the said Violett to make the note to Patton.

This opinion is said to be erroneous; because,

1. The endorsement was made without consideration.

2. It was made on a blank paper.

3. There was no memorandum of the agreement in writing.

In support of the first point, the counsel for the plaintiff in error have cited several cases, intending to prove that an endorsement made without consideration, though it transfers the paper to the endorsee, creates no liability in the endorsor; and that

a promise in writing, made without consideration, is void.

So far as respects the immediate parties having knowledge of the fact, and so far as relates to an endorsement under the statute of Virginia, this is correct; but the real question in the cause is, does the testimony prove a sufficient consideration for the promise created by the endorsement? This is not intended to comprehend any writing on which an action of debt is given.

To constitute a consideration it is not absolutely necessary that a benefit should accrue to the person making the promise. It is sufficient that something valuable flows from the person to whom it is made; and that the promise is the inducement to the transaction. In the common case of a letter of credit given by A. to B., the person who, on the faith of that letter, trusts B., is admitted to have his remedy against A., although no benefit accrued to A. as the consideration of his promise. So in the present case, Patton trusted Brooke on the credit of Violett's name, and Violett wrote his name for the purpose of giving Brooke that credit with Patton. It was, in effect, and in intention, a letter of credit. The case shows that this was both the intention and the effect of Violett's giving his name to Brooke. In conscience, and in substance, then, it is a letter of credit, upon which the money, it was intended to secure, was advanced; and although in point of form the transaction takes the shape, and was intended to take the shape, of an endorsement, yet, so far as respects consideration, the endorsement has the full operation of an undertaking in the form of a letter of credit.

It is common in Virginia for two persons to join in a promissory note, the one being the principal and the other the security. Although the whole benefit is received by the principal, this contract has never been considered as a *nudum pactum* with regard to the security. So far as respects consideration, no

difference is perceived in the cases. Violett has signed his name upon this paper, for the purpose of giving Brooke a credit with Patton, and his signature has obtained that credit. The consideration is precisely the same, whether his name be on the back or the face of the paper.

VIOLETT
v.
PATTON.

2. The second objection is, that the endorsement preceded the making of the note.

This objection certainly comes with a very bad grace from the mouth of Violett. He endorsed the paper with the intent that the promissory note should be written on the other side; and that he should be considered as the endorsor of that note. It was the shape he intended to give the transaction; and he is now concluded from saying or proving that it was not filled up when he endorsed it. It would be to protect himself from the effect of his promise, by alleging a fraudulent combination between himself and another to obtain money for that other from a third person. The case of *Russel* and *Langstaffe*, reported in *Douglass*, is conclusive on this point.

3. The third objection is, that there was no memorandum of the agreement in writing.

The argument on this point is founded on the idea that the statute of frauds in Virginia is copied literally from the statute of Charles II. This is not the fact. The first section of the act of Virginia differs from the 4th sec. of the stat. of Charles II. in one essential respect. The statute of England enacts that no action shall be brought, in the cases specified, "unless the *agreement* on which such action shall be brought, or some memorandum or note thereof shall be in writing," &c. The Virginia act enacts that no action shall be brought in the specified cases, "unless the *promise* or agreement on which such action shall be brought, or some memorandum or note thereof shall be in writing," &c. The reasoning of the judges, in the cases in which they have decided that the consideration ought to be

in writing, turns upon the word *agreement*, of which the consideration forms an integral part. This reasoning does not apply to the act of Virginia, in which the word "*promise*" is introduced.

It was thought proper to notice this difference between the act of parliament, and the act of Virginia, although the opinion of the court is not determined by it. In this case the assignment does express a consideration. It is made for value received.

It is unnecessary to decide in this case, whether the declaration ought to have alleged that the endorsement was made on consideration. With that question the jury had no concern, and the direction of the court was not affected by it. There being no demurrer, it could only occur in arrest of judgment. But on a motion in arrest of judgment, the defendant below could not have availed himself of this error, if it be one, because there are two counts in the declaration, one of which is unquestionably good, and the court cannot perceive on which the verdict was rendered. By the act of jeofails in Virginia, there is no error if any one count will support the judgment.

The second exception is to the refusal of the circuit court to give the opinion, prayed for by the counsel for the defendant below.

When the error alleged is, not that the court has misdirected the jury, but that the court has refused to give a particular opinion, the opinion demanded must be so perfectly stated, that it becomes the duty of the court to give it as stated.

In this case; the opinion required by the counsel consists of two parts. The first is to instruct the jury " that if they shall be satisfied, from the evidence, that Richard Brooke, the maker of the note in this case, had, at the time the note became due, *or at any time previous to the commencement of this suit* against the defendant, property sufficient to pay

the debt claimed," &c. and the plaintiff brought no suit, then this action is not maintainable.

This court conceives that the circuit court ought not to have given this opinion. Had Richard Brooke possessed property before the making of the note, and not afterwards, the opinion, in the terms in which it was required, would have been a direction to find their verdict for the defendant. So if Richard Brooke had been in possession of property for a single day, and had the next day become insolvent, the court was asked to say that, in such a case, the endorsor could only be made liable by suit against the maker. Such a direction, in the opinion of this court, would have been improper.

The second branch of the opinion the circuit court was required to give, is in these words : " Or if the jury shall be satisfied that the said plaintiff and the said Brooke have, since the said note became due, both lived in the county of Fairfax, in Virginia, and have continued to reside in the county of Fairfax until the beginning of the present suit, and the plaintiff hath not brought suit against the said Brooke in Virginia, then the defendant is not liable in this action."

If the plaintiff had sued Brooke elsewhere than in Virginia, or if Brooke had become insolvent previous to the making of the note, and had continued to be so, the opinion of the court, if given as prayed, would have been, that, still, a suit against the maker of the note was necessary to give a right of action against the endorsor

This is not understood to be the law of Virginia. It is understood to be the law, that the maker of the note must be sued, if he is solvent, but his insolvency dispenses with the necessity of suing him. It is not known that any decision of the state courts requires that this insolvency should be proved by taking the oath of an insolvent debtor, nor is it believed that this is the only admissible testimony of

VIOLETT
v.
PATTON.

the fact of insolvency. Other testimony may be admitted. It would therefore have been proper to leave it to the jury to determine whether it was, at any time, in the power of the plaintiff to have made the money due on this note, or any part of it, from the maker by suit; and their verdict ought to have been regulated by the testimony in this respect.

This opinion was not required.

This court is of opinion that there is no error, and that *the judgment is to be affirmed with costs.*