Cranch, C. J.,
after stating the substance of the three first counts, delivered the opinion of the Court, as follows.
These are the counts upon which the verdict is taken. The two first are bad, because they aver no consideration for the written promise contained in the indorsement. The third count avers that the defendant indorsed the note to give it credit and to induce the plaintiff-to accept the same, and that the note so indorsed was delivered to him by H. & Co. for a full and valuable consideration. If a consideration be necessary to support an action upon a promise made for such a purpose and under such circumstances, it is supposed that the circumstances themselves will amount to a good consideration in law. This point seems to be decided by the Supreme Court in the case of Violett v. Patton, 5 Cranch, 142. Two other questions, however, occur upon this count.
1. Whether the defendant was liable to an action before demand of payment had been made of H. & Co., and
2. Whether the defendant was liable before he received notice of the non-payment.
Or in other words, whether the insolvency of H. & Co. at the time the note became payable, is an excuse for the omission to demand payment from them, and to give notice to the defendant.
In the case of Ish v. Mills, at the last term, [ante, 567,] this Court decided that the indorser of a promissory note not negotiable, was not, under the Virginia law, entitled to notice; and it was there said that the undertaking of such an indorser was only to pay if the holder, after using due diligence, should fail to recover it from the maker ; but that if due diligence has been unsuccessfully used, the indorser becomes absolutely liable, whether he had notice or not, of the steps which the holder had taken to compel payment from the maker.
It is not supposed necessary to state in the declaration, all the steps which the plaintiff has taken to compel such payment, and which amount to due diligence. Is it necessary to state any of them ? If suit has been brought against the maker, is it necessary in any ease to state it in a declaration against the indorser ? If insolvency of the maker be averred, it is certainly not necessary to aver that a suit has been brought, because the insolvency dispenses with the necessity of a suit. If insolvency of the maker be averred, is it necessary to aver a demand from the maker ? I *575 think not. For if a suit would be unavailing, a fortiori would be a demand. The same reason which would dispense with a suit in ease of insolvency will dispense with a demand. And if a de•mand be not necessary, it cannot be necessary to aver it. It is no objection therefore to this declaration that it does not aver a demand of payment from Henderson & Co. And if a demand be unnecessary, it cannot be required that the defendant should have notice of a demand.
Upon the whole, then, we think the third count can be supported ; and, as by the Virginia law the judgment cannot be arrested if there be one good count, judgment ought to be rendered for the plaintiff upon the third count.