Curia, fer

O’Neall, J.
This case presents the questions — 1st. Under the 4th section of the statute of frauds and perjuries, 29 C. 2, c. 3, P. L. 82, is it necessary that the consideration of the promise to pay the debt of a third person, should' be stated im thé note or memorandum in writing re *50 quired by the statute 1 2d. If the consideration need not be stated in thé note or memorandum required by the statute, then did the consideration proved, entitle the plaintiff to recover on the written promise to pay the debt of a third person 1 I propose to examine the first question, upon the words o.f the statute, as if it was now for the first time to be decided under it; and then in reference to the decided cases. Before I commence this examination of an old and difficult subject, I may be permitted to say, that I do so with a due sense of its importance, and of the value of adhering to decisions as rules of conduct. But at the same time, however willing r‘might be to yield'my judgment to decisions uniform, and acquiesced in, giving construction to a statute, yet if they want either of these circumstances, I shall always'feel myself at liberty to go back to the words of the statute; and with such judgment as 1 may possess, to give it an honest exposition according to legal rules.
1st. The 4th sec. of the statute of frauds and perjuries, provides that no action shall be brought whereby to charge any executor or administrator upon any special promise to answer damages out of his own estate ; or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriages of another person ; or to charge any person upon any agreement made upon consideration, of marriage; or upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them ; or upon any agreement that is not to be performed within the space of one year from the making thereof; unless the agreement upon which such action; shall be brought, or some memorandum note thereof, shall be in writing, and signed by the person to be charged therewith, or some other person thereunto by him lawfully authorized. This statute was passed, we are told by the preamble, for “prevention of many fraudulent practices, which are commonly endeavored to be upheld by perjury, and subornation of perjury.” This end of the law we are bound to look to in its construction, and, so far as we can, to put down the mischief. ‘ In the respect now under consideration, what danger is there to be apprehended of eitheT fraud or perjury on the part of him who brings an action upon a writing, by which A. undertakes to pay a specific debt of B. % • The writing signed by A. shews his deliberate purpose to pay B’s. debt, and we have so far the only guard which would seem to be necessary against both fraud and perjury. The words of the statute must, however, I admit, be satisfied; and notwithstanding the great care with which we are assured this statute was drawn, it does seem to me that it could never have been intended to use words of popular and plain meaning in a peculiar technical sense. If the latter had been the case in reference to the word agreement, occurring three times in *51 the clause of the statute, it would not have been used as synonymous with the words “promise, contract, and sale.” It is, however, so used. Butin construing a statute, I apprehend we are not to give a controlling effect to any one word. The construction is to be obtained from all the words used; and in giving meaning to them, a popular meaning is to be preferred to the technical meaning. The words used in the first part of the clause, are, “any special promise;” in the latter part, the words are i'the agreementputting the two expressions together, it is obvious that they are used as synonymouá, and the latter word is not intended to enlarge the meaning of those previously used. Most probably agreement was used in the latter part of the clause, as being a word susceptible of the same meaning as promise, contract or sale; and hence usfed as one word instead of three. If it is to be understood as meaning no more than the word promise, I have the sanction of Chief Justice Marshall, in Vedlett vs. Patton, 5 Cranch, 142, in holding that it is not necessary that the consideration should be stated, to make it a valid promise, under the statute. The word agreement, however, in its popular sense, means nothing more than the union of mind and mind in some proposition. It is nothing more nor less than a proposal and acceptance. To make out the agreement neither party necessarily states the consideration. • A. wishes the debt of B. better secured. C. says, I will guarantee the payment, and A. accepts the guarantee. Is not the-promise to pay B.’s debt the agreement? and A.’s inducement to desire it, and C.’s to make it, do not, when withheld or communicated, make it less or more an agreement. The statute does not, however, require the whole agreement to be in writing. For it provides that “the agreement upon, which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith,” &c. Now, in construing a statute, providing that a thing may be done in one of two ways, is it a legitimate construction to say, that both shall have precisely the same requisites ? I think not. If it was necessary, when the whole agreement was undertaken to be reduced to writing, to set out the consideration, could it be that the same strictness would be required in a mere note or memorandum? To say so, would be to make the less equal to the greater. But why should the consideration be stated in a promise to pay the debt of another ? The writing is only required to be signed by the party to be. charged. The creditor, in whose favor the promise is made, can, in no event, be liable to the promiser; and, hence, the mutuality of remedy which has given construction to that part of the statute relating to a contract or sale of lands, does not here apply. But out of the use of the words contract or sale of lands, and agreement in consideration of mqp, *52 riage, a distinction manifestly arises, between the requisites of the statute in these respects, and that of a promise to pay the debt of another. In the cases just alluded to, the legislature use words -which require a consideration to be stated, to give them effect. In the other case, this is not necessary. I am hence at liberty to conclude, from a careful reading of the statute, that to charge the defendant for the debt of a third person, it is not necessary that the consideration should be stated in the writing required by the statute. But I am here met by the decided cases, and admonished to abide by them. Before, however, the admonition is to be regarded, or disregarded, it is necessary to review them.
The first case is th,at of Wain vs. Walters, decided in 1804, 5 E. 10, in which it was held by Ellenborough, Gross, Lawrence, and Le Blanc; that the consideration, as well as the promise, must be in writing. Their opinions are placed upon the supposed legal meaning of the word agreement, which they consider as superceding the word promise, and as requiring (to give it its legal meaning,) the consideration, as well as the thing to be done, to be set out. The error of this reasoning has been already pointed 'out ip my reading of the statute ; but in addition to that, I would refer to the well digested note, prepared by Judge Swift of Connecticut, and to be found at the foot of the report of Wain vs. Walters, 5 E. (Day’s edition,) 20, in which he has shewn, conclusively, by a reference to the authorities on which the judges relied in Wain vs. Walters, that a consideration is not an integral constituent part of an agreement. It is rather that which precedes and induces an agreement, than that it is a part of it.
The case next in older, 'is that of Egerton vs. Matthews, decided in 1805, 6 E. 307. It arose under the seventeenth section of the statute of frauds and perjuries, which declares that “no contract for the sale of goods of or above the value of 06IO, shall be good, unless the buyer shall accept and receive part of the goods, or give something in earnest, to bind the bargain, or in part payment, or that some note or memorandum, in writing of the said bargain, be made and signed by the parties to be charged by such contract,” &c. It was held by the same judges who decided Wain and Walters, that it was not necessary that the note or memorandum of the contract should set put the consideration. This was distinguishing the legal meaning of agreement from that of bargain or contract. But I agree with the defendant’s counsel, that these words import mutuality and consideration as much as the word agreement, and that hence this case, and Wain and. Walters, cannot stand together. In Jenkins vs. Reynolds, 3 Br. and Bing. 14, (7 En. Com. Law Rep. 328,) the authority of Wain and Walters was acknowledged, audits principles applied to that case; so *53 that in England, since 3821, it may be considered as an authority which is not yet questioned at law. But still its correctness has been doubted by many of the masters of English law. In Ex parte Minet, 14 Ves. 190, Lord Chancellor Eldon not only questioned the correctness of Wain and Walters, but absolutely denied it to be law. He siid, “with lespectto the other point, there is a variety of authorities directly contradicting the case in the court of King’s Bench, which is a most important case with reference to the consequences; for the undertaking'of one man, for the debt of anothei; does not require a consideration moving between them.” This discontent with the decision of Wain and Walters, is again repeated by him in 15 Ves. 288. The English rule, arising out of their cases since 1804, is clearly not obligatory on us; and when denied to be right by such a jurist as Eldon, I should be little disposed to adopt it; and differing, as I do entirely, .from the construction placed by Wain and Walters on the statute, I feel that wé are at liberty to look to other sources for aid in sustaining a right construction of the statute.
In Leonard vs. Fredenburgh, 8 J..R. 23 — Ch. J. Kent, speaking of Wain and Walters, and Sears vs. Brinks, 3 J. R. 210, which-was decided in conformity to Wain and Walters, said, “I have not been altogether satisfied with the decisions referred to.” So in Hunt, Administrator, vs. Adams, 5 Mass. Rep. 360, Chief Justice Parsons approved of Egerton and Matthews, and questioned Wain and Walters. In Vedlett vs. Patton, 5 Cran. 142, Chief Justice Marshall, in giving construction to the statute of Virginia, which differs from the statute of frauds and perjuries only in using the words promise or agreement, instead of the word agreement alone, in that part of the statute which directs it should be in writing, held that the consideration need not be stated in the note or memorandum in writing. This case, although not a direct authority against Wáin and' Walters, for the additional word promise is used in the statute of Virginia, and this makes a difference between the two cases — yet it' is so slight an one, that when seized upon by as great a judge as Chief Justice Marshall, to escape from the construction of Wain and Walters, it shews his want of confidence in that decision.
In this State, the subject has been again and again discussed,, and 1 might have been content to have rested this case on our own decisions, had it not been from a wish to shew that our later decisions are well warranted by high authority. In Stevens, Ramsay & Co. vs. Winn, the Constitutional Court decided in conformity to the rule in Wain and Walters, but, as is said by my brother Johnson, in Lecat vs. Taval, 3 M’C. 158, “no consideration was expressed on the face of the note, nor was there any offer to prpve itso that tbe question did not necessarily arise; and that *54 case is not, therefore, decisive on the point; and I may be allowed to add, that the report does not give us the reasoning of the judges, but merely the result of their judgment; and we may, therefore, well attribute their conclusion to the point suggested.
In Lecat vs. Taval, decided by the Court of Appeals, in February term, 1825, the authority of Stevens, Ramsay & Co. vs. Winn, and Wain and Walters, was, after a full examination, questioned and denied, and the question decided by them reserved for some future occasion; “when,” (as it is said by Johnson, J.,) “more light may be thrown upon it.” The effect of this case was to disembarrass the question of all previous authority, and to leave it open for adjudication, as an original one.
In November, 1825, the case of Perley, Potter & Co. vs. Legare, came before the court, in which the question directly arose, whether, in a contract, in writing, to pay the debt of a third person, it was necessary that the consideration should be stated. The case had been tried in the City Court, and the Recorder, (Prioleau, J.,) in reporting the casp, stated his charge to the jury, in which he said, speaking of the defendant, and the cause of action, “he had, in my opinion, clearly established it to have been given for the debt of a third person, namely, one Snow — That the question, whether the consideration of an agreement to pay the debt of a third person, ought to be in writing, as well as the promise itself, was still open and undecided in this State ; and that, in my opinion, the law was, that the consideration need not be expressed in writing,, though the promise must.” In this view, the Court of Appeals concurred. So far as authority is concerned, this settled the question in this State; and upon a full examination, we are entirely satisfied with the decision in that caseq and we áre gratified to say, that this is the unanimous opinion of the bench, including the judge who tried this case, and who entertained a different opinion on the circuit.
2d. Upon the second question, we think that the consideration proved, was amply sufficient to entitle the plaintiff to recover. It was forbearance to sue the maker of the original note for a given time. For the undertaking of the defendant shows this. His endorsement on the note is in the following words : “Endorsed by Charles Givens — Due 1st January, 1829. Beaufort, 20th August, 1828. Charles Givens.” This was, in'substance, saying, if you wait from this day, the 20th August, 1828, to 1st January, 1829,1 will pay you the debt. That this consideration was sufficient, cannot be doubted; the case of Perley, Potter & Co. vs. Legare, is full to this point. In it, the Recorder says, “to constitute a consideration, there must be some injury to the plaintiff, or benefit to the defendant; that one of the witnesses had proved that plaintiffs were about to sue Snow, and would *55 have clone so, but for this order or bill, given by defendant; and that Snow’s debt was not yet sued for nor paid, which was an injury to the plaintiffs.” This is the case made out by the parol proof here, with the additional circumstance, from the defendant’s endorsement, thaj; the indulgence or forbearance was for a definite time. In Boyce vs. Owens, 2 M’C. 208, the action was brought on a verbal promise of the deféndant to pay the debt of her son, Moorfield Owens ; a domestic attachment irregularly issued and levied, was agreed to be discontinued, and further indulgence was to be given on the defendant’s making the promise. This, it was contended, made the promise original, and not collateral; but the court held otherwise. In delivering the opinion, Judge Nott cites, with approbation, from 1 Comyn on Contracts, 60, the remarks that “ when nothing more is stipulated .for than indulgence to the debtor, or that an action which has been commenced shall be stayed, the undertaking to pay the debt of a third person, is within the statute, for the original debt still continues.” This plainly shews, that if the promise be in writing, forbearance is a sufficient consideration to support it. For if this had not been so, no question could arise, whether it was within the statute or'not; the only question would be; whether it was not nudum pactum. In Leonard vs. Fredenburgh, 8 J. R. 31, Ch. J. Kent, in classing the cases on collateral and original undertakings, arranges under the second class “cases in which the collateral undertaking is subsequent to the creation of the debt,, and was not the inducement to it, though the subsisting liability is the ground of the promise, without any distinct and unconnected inducement. There must be some further consideration shewn, having an immediate respect to such liability; for the consideration for the .original debt will not attach to this subsequent promise.” That a slight consideration, amounting only to a mere inducement, would be sufficient, is evident from these remarks. In a previous part of the case, the Chief Justice, in express terms, held that forbearance was sufficient. He said, speaking of the collateral undertaking, “It required, at least, the consider ration of forbearance, or some other consideration arising out of, and founded upon, the original liability.” These authorities clearly shew, that the consideration proved in this case was sufficient to sustain the promise of the defendant.
The motion to set aside the non-suit is granted.
DeSaussure, Johnson, Johnston, Richardson, Earle, Butler and Gantt, CC. and JJ., concurred.