THE PRESIDENT, DIRECTORS, AND COMPANY OF THE ANDROS-
COGGIN BANK *vs.* JOHN R. KIMBALL, Administrator.

A person is presumed to know the contents of any instrument he signs, and also
the date; and if it has no date, he is presumed to know that fact.

If a person signs a note with a blank date for another's accommodation, he author-
izes the other to fill up the date as he may see fit.

PASCHAL P. COBURN, of Dracut, died insolvent. The com-
missioners on his estate, appointed by the judge of probate,
under Rev. Sts. *c.* 68, § 2, allowed the Androscoggin Bank a
claim against his estate, from which allowance, his adminis-
trator, John R. Kimball, appealed to this court.

At the trial before *Bigelow*, J. it appeared that the intestate
and two others, gave a note to the firm of Kimball and
Coburn, of $7,500, payable in two years from date; that the
note was not dated when the said P. P. Coburn signed it, but
that afterwards, one of the firm of Kimball and Coburn, with-
out the assent or knowledge of said P. P. Coburn, inserted the
date of "Boston, May 30, 1846," which was about ten days
earlier than the day of actual signing, and then indorsed the
note to the Androscoggin Bank, for a loan to said firm.

The note was originally given for the accommodation of said
firm of Kimball and Coburn, and the proceeds were entirely
for their use. There was some evidence tending to show, that
the said P. P. Coburn did not know that the note was without
date, when he signed it, and the administrator asked the court
to instruct the jury, that if, after the signing, the note was
antedated by one of the promisees without the express assent
and knowledge of the intestate, it was a material alteration
and would avoid it; the judge declined so to rule, but did in-
struct the jury that if the intestate signed the note in suit, not
knowing it was without a date, but supposing and believing
it to be dated, when in fact it had no date, then the payees
had a right to insert only the true date, to wit, the day when
the note was signed and delivered to the payees. But if the
jury were satisfied by the evidence in the case, that the intes-
tate signed the note, knowing it bore no date, and delivered it

to the payees with the date in blank, purposely, for their accommodation, to be used by them in renewal of other notes, or to raise money, or by discount, at their convenience, then the jury might infer an authority or assent of the intestate to the payees, to fill the blank and insert a date in the note, such as would enable them to use the note for the purpose for which it was given to them by the intestate; and if the jury found that the note was so given, and the date so inserted, then the insertion of the date in question would not be a material alteration of the note, so as to avoid the note in the hands of the indorsees. The jury found a verdict for the claimant.

*B. F. Butler,* for the administrator.

*J. G. Abbott,* for the claimant.

SHAW, C. J. The first instruction to the jury was given upon an hypothesis of fact, which it was hardly admissible to assume hypothetically. Generally, a party is presumed to know the contents of an instrument which he signs, and, of course, the date ; and if it has no date, that he knows it. The charge on this point was sufficiently favorable to the defendant.

On the other point, the rule is very clear, that if one party, intending to accommodate another, signs his name to a blank paper, he authorizes the other, to whom he delivers it, and for whose accommodation it is made, to fill up the blank ; and the filling up, being done by his authority, is his act, and he is bound by it. *Russell* v. *Langstaffe,* 2 Doug. 514; *Violett* v. *Patton,* 5 Cranch, 142; *Putnam* v. *Sullivan,* 4 Mass. 45. When one indorses his name on a blank stamp, and delivers it for the accommodation of another, he authorizes the other to fill it up with any sum which the stamp will warrant. *Collis* v. *Emett,* 1 H. Bl. 313.          *Judgment on the verdict.*