LAYTON
*v.*
NEW ORLEANS.

---

## J. D. WEAVER *v.* N. D. MARVEL and C. SNEDICKER.

Where one endorses his name on a negotiable note with a space left in blank for the name of the person to whose order it was to be made-payable to be afterwards inserted, and the maker sells the note in that condition without the blank space being filled, the holder cannot treat the party who had thus endorsed his name as merely surety and hold him liable without notice of protest.

It is not unusual to endorse promissory notes containing blanks to be afterwards filled up so as to make the party an endorser, and the note as to him is to be treated exactly as if it had been filled up before he endorsed it.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *T. A. Bartlette*, for plaintiff and appellant. *Waples & Eustis*, for defendants.

VOORHIES, J. The defendants are sought to be made liable as sureties of the maker of the following promissory note :

" $365.                           NEW ORLEANS, *March 15th*, 1856.

" Sixty days after date I promise to pay to the order of ――― the sum of three hundred and sixty-five dollars, value received.

H. DONOHOE.

" Endorsed, N. D. MARVEL.
                 C. SNEDICKER.

" It is admitted that *Donohoe* sold the note.to *Weaver* in the condition in which it now is, with the endorsements thereon." Further, " that the notice of protest was not sufficient to hold the defendants as endorsers."

We do not think the defendants can be considered bound merely as sureties. The cases on which the plaintiff relies to hold them liable as such, without notice of protest, appear to us to be clearly distinguishable from the one at bar.

WEAVER
*v.*
MARVEL.

In all of those cases, reported in 4 M. R., 639; 3 N. S., 659; 10 L. R. 374; 14 ibid, 386; 4 R. R., 161; 1 A. R., 248, 274; 2 ibid, 592; 4 ibid, 273; the notes declared upon had not been endorsed by the payees, in other words, the defendants were not parties to them. For in legal intendment the payee is called the endorser, and so is every other person who successively puts his name on the back of the bill of exchange or promissory note, and the person to whom it is then assigned or delivered is called the endorsee or holder. It is true in the cases of the *Louisiana State Bank* v. *Senecal*, 11 L. R. 30, and *Leckie* v. *Scott et als.*, 10 L. R., 415, also relied upon, the defendants as endorsers of accommodation paper were considered to be sureties. But in neither of these cases does the question appear to have been raised as to whether the rights and obligations of the parties were to be governed in other respects according to the rules of the commercial law or not. But in the case of *Jacobs* v. *Williams*, 11 R. R., 187, where the defendants were accommodation endorsers, the court used the following language: "The suretyship between an accommodation endorser and the maker of a note exists only as between themselves; with respect to the holders, their liability must depend on the rules applicable to negotiable instruments in general. The holder must, therefore, take the necessary steps to bind them, and they can avail themselves of any defence which might belong to a maker, or endorser, on business paper." The doctrine thus announced was subsequently recognized by this court in the case of *Braux* v. *LeBlanc*, 10 A. R., 98, where Mr. Justice Ogden, as the organ of the court, said: "An accommodation endorser stands on the same footing with other endorsers, as to what is legally requisite to fix his liability." In the case at bar, *Donohoe* was neither the payee nor endorser of the note sued upon. In receiving the note thus we think the plaintiff had good reason to consider the defendants as parties to it when endorsed by them, *Marvel*, the first endorser, as payee; and there was nothing to prevent him from filling up the blank by the insertion of the name of the payee.

Judgment affirmed.

---

### SAME CASE ON A RE-HEARING.

VOORHIES, J. In refusing a re-hearing we will briefly add, that it is not unusual to endorse promissory notes containing blanks to be afterwards filled up, so as to make the party an endorser. In all such cases, as against him, the note is to be treated exactly as if it had been filled up before he endorsed it, and he will be bound accordingly.

5 Cranch, 142; 4 Mass. R., 45, 55; 7 Cowen's R., 336.

It is, therefore, ordered, adjudged and decreed, that the re-hearing prayed for in this case be refused.