# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## GEORGE W. MORRISON *et al. vs.* FAYETTE A. LOVELL.

### January Term, 1870.

1. A certificate of deposit executed by a bank within the confederate lines, is null and void, and in violation of the law and policy of the government of the United States forbidding commercial intercourse with rebels.

2. The assignment of such certificate of deposit is a new contract, founded upon a new and valuable consideration, and if made within the federal lines, is entirely disconnected with the illegal act of its making, and is to be governed by the law of the place where made.

3. As a general rule the assignee cannot recover from the assignor the amount paid for the assignment, unless due diligence is used, without effect, against the debtor; but it is in no case necessary to pursue the debtor, if it be clear that such pursuit would be unavailing, as if the obligor be insolvent at the time of the assignment, or when the note falls due, or where the note is a forgery, or where the maker is a married woman.

This was an action of assumpsit brought by Fayette A. Lovell, against George W. Morrison and James W. Oakes, in the circuit court of Kanawha county, in October, 1864, to recover from them 7,750 dollars, with interest thereon from the 13th of January, 1863, till payment, the amount of a certificate of deposit in the Bank of Tennessee at Chatanooga, bearing date April 7th, 1862, and assigned by the said Morrison and Oakes to said Lovell, on the 13th of January, 1863. Judgment was rendered in the circuit court for the plaintiff, for the aforesaid sum, with its interest, and the defendants brought the case to this court by supersedeas.

The defendants assigned as error, First: That the circuit court erred in overruling the demurrer to the plaintiff's

declaration, and to each count thereof. The plaintiffs in error contended that the assignment of the certificate was void, because of the illegality of the certificate itself, it having been executed within the confederate lines in violation of the law and policy of the United States government forbidding commercial intercourse with rebels, and therefore no right of action accrued to the plaintiff to recover from the defendants the amount received by them from Lovell, and that if such action could be maintained, it could only be after the use of due and proper diligence to make the money off of the Bank of Tennessee. The facts in the case show that the certificate of deposit was transferred and assigned by Morrison and Oakes to Lovell, at Charleston, Kanawha county, Virginia, a place inside of the Federal lines, in part payment of a valid debt due from them to Lovell and others. On the trial the defendants pleaded non assumpsit and two special pleas in writing, alleging that the certificate of deposit was executed by John A. Fisher, cashier of the Bank of Tennessee, who claimed to be a citizen of the confederate states, at Chatanooga, and that at the date of the execution thereof, to wit: on the 7th of April, 1862, Chatanooga was within the rebel lines, and that the defendants, on the 1st of July, 1863, transferred, endorsed and assigned the certificate to the plaintiff, at Charleston, Kanawha county, West Virginia, and that the parties to the contract were citizens of the United States, and owed no allegiance to the confederate states; and that the plaintiff knew at the time of the transfer and assignment that the certificate of deposit was issued by the Bank of Tennessee, by its cashier, at the place, on the day, under the circumstances, and in the manner in the pleas described and set out; and that for the matters alleged in said plea, the said contract could not be enforced, and therefore the same was null and void. The plaintiff objected to the filing of said pleas and the objections were sustained by the court, and the defendants excepted. The defendants also asked the court to give to the jury the following instructions, to wit:

"1. The certificate of deposit given in evidence by the plaintiff in this case, is not negotiable paper, but common law paper, and the plaintiff and defendants stand to each other in the relation of assignor and assignees.

"2. Before the plaintiff can recover against the defendants, he must prove, and the burden of proof is upon him, to show:

"*a.* That at the time of the assignment the Bank of Tennessee was notoriously insolvent; or,

"*b.* That the plaintiff, Lovell, had used due and proper diligence in endeavoring to collect from the Bank of Tennessee, the amount of money named in the certificate, by bringing suit and endeavoring to obtain judgment; or,

"*c.* That it was impossible, from the state of affairs at Nashville, that an action could be instituted, and that Lovell, as soon as he ascertained that fact, offered to return the certificate to Morrison and Oakes; or,

"*d.* That the defendants, Morrison and Oakes, in making said assignment, perpetrated a fraud on the plaintiff, Lovell.

"3. If the jury are satisfied that the money mentioned in the certificate of deposit was confederate money, and for that reason the plaintiff could not recover the same from the Bank of Tennessee, and that Lovell had notice of the character of the certificate of deposit at the time he purchased the same, he cannot recover in this action, he being a party to the illegal contract.

"4. The certificate of deposit being dated Chatanooga, it is not competent for that reason, alone, for Lovell to treat it as an unauthorized and void promise on the part of the Bank of Tennessee; he was bound to institute suit and test its validity, before he can have recourse on the defendants."

The court refused to give the instructions marked 3 and 4, and gave the instructions marked 1, 2, *a*, *b*, *c*, and *d*, and added the instruction e, which is as follows:

"Or, that the certificate was void as to the Bank of Tennessee."

To the opinion of the court in giving the instruction e,

and refusing to give the instructions 3 and 4, the defendants excepted. The jury found a verdict for plaintiff for the amount named in the certificate, with interest. The defendants moved the court to set aside the verdict and award a new trial, on the ground that the verdict was contrary to the law and the evidence. The court overruled this motion, and awarded judgment on the verdict; to which action of the court the defendants also excepted.

Hon. James W. Hoge, judge of the circuit court of Kanawha county, presided on the trial of the case.

*Lee* and *Richardson* for the plaintiffs in error.
*Lamb & Paull* for the defendant in error.

MAXWELL, J. This was an action of assumpsit by Lovell against Morrison and Oakes, to recover from them 7,750 dollars, with interest thereon from the 13th day of January, 1863, the amount of a certificate of deposit in the Bank of Tennessee, at Chatanooga, bearing date April 7th, 1862, and assigned by Morrison and Oakes to Lovell, on the 13th of January, 1863. Judgment was rendered for the plaintiff for the amount claimed, which the defendants have brought here by supersedeas to be reviewed

The first ground assigned for error is, that it was error to overrule the demurrer to the declaration, and to each count thereof. The declaration, and each count thereof, appears to be good, so that the court did not err in overruling the demurrer.

It is contended in argument by counsel, on both sides, that the certificate of deposit is null and void because it was executed within the confederate lines in violation of law and of the policy of the government of the United States, forbidding commercial intercourse with the rebels. Although this proposition is admitted, it may not be out of place to say that the authorities fully sustain it. *Coppell* v. *Hall*, 7 Wallace, 542; *Griswold* v. *Waddington*, 16 Johnson, 348; *The*

*Ouachita Cotton,* 6 Wallace, 521; *The United States* v. *Cross-meyer,* not yet reported, but will probably be in 8 Wallace.

The facts in the case show that the certificate of deposit was transferred and assigned by Morrison and Oakes to Lovell, at Charleston, Kanawha county, Virginia, a place inside of the Federal lines, in part payment of a valid debt, then due to Lovell and others. As to the legal effect of the transfer and assignment of the said certificate of deposit, the parties differ. On the part of the plaintiffs in error it is contended that the assignment is void, because of the illegality of the certificate, and therefore no right of action accrued to recover from them the amount received by them from Lovell, and that if such action can be maintained, it could only be after the use of due and proper diligence to make the money off of the Bank of Tennessee. The assignment of the certificate of deposit is a new contract, entirely disconnected with the illegal act, founded upon a new and valuable consideration, and is to be governed by the law of the place where made. *Armstrong* v. *Tolen,* 11 Wheaton, 258; *Nichols, Ex'r,* v. *Porter,* 2 W. Va. Rep., 13; and the authorities there cited.

It is apparent from the facts of the case, that the assignment was made to pay 7,750 dollars, part of an existing debt which Morrison and Oakes were in some way liable to pay. If the amount was not paid on the certificate of deposit, then Lovell would lose his debt, unless he could recover from Morrison and Oakes. As a general rule, the assignee cannot recover from the assignor the amount paid for the assignment, unless due diligence is used, without effect, against the debtor; but it is in no case necessary to pursue the debtor, if it be clear that such pursuit would be unavailing; as, if the obligor be insolvent at the time of the assignment; or when the note falls due; or where the note is a forgery; or where the maker is a married woman. *Mackie* v. *Davis,* 2 Wash., 281; *Violett* v. *Patton,* 5 Cranch, 142; *Brown* v. *Ross,* 6 Munf., 391; *Caton and Veale* v. *Lenox,* 5 Rand., 31; *Burrill* v. *Smith,* 7 Pick., 291; *Erwin* v. *Downs,*

15 New York, 575. The certificate of deposit being null and void, it would clearly have availed nothing for Lovell to have pursued the bank, and he was therefore not required to do so before proceeding against the assignors.

For these reasons, the order of the court rejecting the special plea offered by the defendant, the order and judgment of the court refusing to give to the jury the instructions which it refused to give, and giving the instructions which were given, and the judgment of the court refusing a new trial, were correct, and not erroneous, as claimed by the plaintiffs in error.

The judgment will therefore be affirmed, with damages and costs to the defendant in error.

The other judges concurred.

JUDGMENT AFFIRMED.