## BANK OF PALMETTO v. MARINE BANK & TRUST CO.

(Circuit Court of Appeals, Fifth Circuit. October 30, 1923.)

No. 3980.

1. **Banks and banking** ⟨⟩112—**Bank could not refuse payment on check issued in payment of draft when drawers had changed position.**

Where bank on which draft was drawn issued its check to the collecting bank in payment, and the drawers of the draft, on learning it had been paid, and because of such fact paid a draft drawn on them, and thereby

changed their position, the bank could not defeat recovery on the check on the ground that its vice president was gambling in cotton futures with the drawers of the draft and that the drawers had no money on deposit.

**2. Banks and banking ⟨key⟩112—Check issued in payment of draft held that of bank, though issuing officer violated his trust.**

A check issued by a bank on which a draft was drawn, in payment thereof, was that of the bank, though issued by an officer in violation of his trust.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by the Marine Bank & Trust Company, for the use of Shepard & Gluck, against the Bank of Palmetto. Judgment for plaintiff, and defendant brings error. Affirmed. '

Victor Lamar Smith, of Atlanta, Ga. (Smith, Hammond & Smith, of Atlanta, Ga., on the brief), for plaintiff in error.

Edgar Watkins, of Atlanta, Ga., and Sidney Holderness, of Carrollton, Ga. (MacAsbill and Horace Russell, both of Atlanta, Ga., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. This is a suit against the Bank of Palmetto, Ga., defendant, upon its check for $9,987.50, payable to the order of the Marine Bank & Trust Company, of New Orleans, plaintiff, which sues for the use of Shepard & Gluck, cotton brokers on the New Orleans Cotton Exchange.

The defendant telegraphed to Shepard & Gluck that one Bullard had deposited with it $10,000 to their credit. Shepard & Gluck immediately thereafter drew, and placed with the Marine Bank & Trust Company for collection, their draft for $10,000 on the defendant. Upon receipt of this draft the defendant issued the check sued on for the full amount thereof, less exchange. On the same day that the defendant advised Shepard & Gluck of Bullard's deposit, Bullard drew a draft on Shepard & Gluck for $10,000, payable to the order of the defendant, and when it was presented to Shepard & Gluck they inquired of the Marine Bank & Trust Company whether their draft on the defendant had been paid; and, upon being informed that defendant's check had been received in payment, and acting in the belief that it would be honored upon presentation, they paid the amount of Bullard's draft to the defendant.

The defendant, with knowledge that Bullard's draft in its favor had been paid, thereafter refused to pay its check, and now seeks to defeat recovery thereon by urging as a defense that Bacheller, its vice president, was engaged in gambling contracts in cotton futures with Shepard & Gluck; that Bullard did not deposit $10,000 to Shepard & Gluck's credit; that Bacheller falsely represented that such deposit had been made, and fraudulently issued the check sued on.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At the conclusion of the evidence, the court charged the jury to find for the plaintiff, and judgment was entered for the amount represented by the check, with interest and costs.

In Armstrong v. American Exchange National Bank, 133 U. S. 433, 469, 10 Sup. Ct. 450, 461 (33 L. Ed. 747), it is said:

"An obligation will be enforced, though indirectly connected with an illegal transaction, if it is supported by an independent consideration, so that the plaintiff does not require the aid of the illegal transaction to make out his case."

[1] Shepard & Gluck were induced to pay the draft in favor of the defendant by the belief that defendant's check for a like amount was good and would be honored. They would not otherwise have paid the draft, and their situation is much the same as it would have been if they had cashed the check. They changed their position to their injury solely because of their faith in the check, and are therefore entitled to a recovery. Violett v. Patton, 5 Cranch, 142, 3 L. Ed. 61; Townsley v. Sumrall, 2 Pet. 170, 7 L. Ed. 386. The defendant cannot at one and the same time keep the money it received on the faith of its check and refuse to pay the check, as it seeks to do. It was not necessary for Shepard & Gluck to resort to any transaction which may have taken place on the New Orleans Cotton Exchange, or even to defendant's advice that a deposit had been made with it to their credit.

[2] The check is that of the defendant, although it was issued by an officer of the bank in violation of his trust. Bank of Palmetto v. Hyman (C. C. A.) 290 Fed. 353.

The judgment is affirmed.