Nash, J.
This is an action of contract brought by the plaintiffs as co-partners against the defendant bank in *113 which the plaintiffs seek to recover $175.00 which they allege the defendant wrongfully paid out of the defendant’s funds. The evidence is that the plaintiffs John and David Fine operated a wholesale fruit business in Brockton as co-partners under the firm name of Fine Brothers. They had a checking account with the defendant bank subject to withdrawal on the signature of “David Fine.” The printed words “Fine Brothers” appeared on the check above the line reserved for the signature of the drawer, but no evidence showed the defendant had any knowledge of the existence of the partnership. On October 17, 1945, John Fine had in his possession eight or nine checks signed by his brother David but blank as to date, amount and payee. As J ohn would purchase fruit he would fill in the blanks and deliver the checks to the appropriate vendor. While in Boston this day he took off his jacket containing several checks signed as above stated and left it on or near his truck and moved away. When he returned he found both jacket and checks had disappeared. He called his Brockton place of business and instructed his bookkeeper, one Ida Blumberg, to stop payment on the checks he had taken with him that morning. She went to the bank and signed a sixty day “Stop Payment Order” on check #5109 and several other checks on the same day, October 17, 1945. The bank paid check #5109 on January 25, 1946. This was one of the checks that disappeared from John’s possession on October 17, 1945. It was now payable to one Joseph Stone for $175.00 and was dated January 18, 1946. The name of the payee was endorsed on the reverse side with other endorsements. On checking the monthly statement the plaintiffs discovered the check had been paid by the bank. The plaintiffs requested reimbursement from the bank for this amount. The bank refused to make the loss good.
*114 The Court made a memorandum of findings and in addition to the above found that the defendant was a holder in due course, that the contract relative to the check was between the bank and David Fine as an individual, that David Fine as an individual was the drawer of the check, that the only signature on the signature card of the bank was that of David Fine and that David Fine signed this check in his individual capacity. That David Fine delivered the signed check to a third party with implied authority to fill in the blanks, that before the blanks had been filled in the check had been stolen, that the negligent handling of the checks by John facilitated its theft and was the proximate cause of the opportunity of its theft, and that estoppel exists as against the plaintiffs.
The Court also found the bank paid the check, was a holder in due course — this was admitted by the plaintiffs— and was without negligence.
The plaintiff requested the following rulings:
(1). Upon the evidence and the law, the Court is warranted in finding for the plaintiffs. (2) If Court find as a matter of fact that the check was completed and delivered without plaintiffs’ authority, then the Court will find for the plaintiffs as a matter of law. (3) If Court find that the check was not completed and not delivered by the plaintiffs or with their authority, then the Court will rule that the check has never become a valid contract in the hands of any holder as' against any person whose signature was placed thereon before delivery, and that the plaintiffs can recover. (4) The defendant paid the check at its peril. (5) The defendant failed to comply with the plaintiffs’ order to stop payment of the check and is liable for damages resulting to the plaintiffs by reason of the payment. (6) The defendant was negligent in paying the check after having been notified by the plaintiffs that it was taken from them before completion and without their authority. (7) The defendant was negligent in honoring a check which, on the face of it, appeared to *115 have been completed by a person other than the plaintiffs in view of the previous notice to the defendant that the check in question was completed and taken from them without their authority.
The Court granted #1 with the notation that the evidence would justify but not require a plaintiff finding. Requests #2 and #3 were denied on the basis of special findings made. Request #4 was denied. Requests #5, #6 and #7 were denied on the ground that the sixty day stop payment order had expired and there was no negligence on the part of the bank.
There was evidence upon which the Court properly could find that the defendant was a holder in due course. The plaintiffs admitted that the Court could so consider the defendant’s position. G. L. (Ter. Ed.) c. 107, § 75 describes a holder in due course as one who holds an instrument complete and regular upon its face before it was overdue or had notice of its having been previously dishonored, in good faith for value and at the time it was negotiated to him he had no notice of any infirmity or defect in it or in the title of the person negotiating it, and by section 80 provides that such a holder holds the instrument free from any defect of title and “free from defenses available to prior parties among themselves” . . . Section 38 declares that “where the instrument is in the hands of a holder in due course a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed.” The plaintiffs urge that G. L. (Ter. Ed.) c. 107, § 37 makes the defendant liable. This Section is as follows: “Where an incomplete instrument has not been delivered it will not, if completed and negotiated without authority, be a valid contract in the hands of any holder, as against any person whose signature was placed thereon before delivery.” Here, however, the plaintiff, *116 David, did transfer actual possession of the check to his brother, John, already signed, but blank as to date, amount and payee but with authority to add such date, amount and name of payee. This voluntary relinquishment of its possession constituted a delivery as a matter of law on the plaintiffs’ part. Liberty Trust Co. v. Tilton, 217 Mass. 463, 465. The law is clearly stated in the case of Bank of Pittsburgh v. Neal, 63 U. S. 323, 328 as follows: “The bills must be viewed precisely as they would be if they had been perfected and filled up by the defendant for two reasons. First, because when a party to a negotiable instrument intrusts it to the custody of another with blanks not filled up, whether it be for the purpose to accommodate the person to whom it is intrusted, or to be used for his own benefit, such negotiable instrument carries on its face an implied authority to fill up the blanks and perfect the instrument and as between such party and innocent third parties, the person to whom it was so intrusted must be deemed the agent of the party who committed such instrument to his custody, — it is the act of the principal and he is bound by it.” Goodman v. Simonds, 20 Howard 361 (61 U. S. XV 939); Violett v. Patton; 5 Cranch 142. The person to whom it is intrusted may not vary its terms nor add stipulations repugnant to the instrument but his act in completing the instrument is the act of the maker so far as a holder in due course is concerned. Angle v. Northwestern Life Insurance Co., 92 U. S. 331, 338, 340. This view of the law has been taken by our Courts which sets it forth in the following language in the case of Greenfield Bank v. Stowell, 123 Mass. 196, 198. “If indeed a man indorses a blank form of note, and delivers it with the intention that the blank should be filled he thereby makes the person to whom he delivers it his agent, and is responsible for whatever date, sum or time of payment he may insert to a bona *117 fide indorsee. Russell v. Langstaffe, 2 Doug. 514; Violett v. Patton, 5 Crunch 142. So, if he delivers the note with the date or sum in blank, he is held to authorize the blank to be filled up with any date or sum. Bank of Pittsburgh v. Neal, 22 Howard 96; Androscoggin Bank v. Kimball, 10 Cushing 373; Abbott v. Rose, 62 Maine 194; Angle v. Northwestern Ins. Co., 92 U. S. 331, 338, 340.” Moreover this check got into circulation through the negligent handling of it by the agent of the maker and finally into the hands of an innocent purchaser for value whom the Court found was without negligence. The note was stolen from the agent and the rule is established that “the transfer of stolen commercial paper, negotiable by delivery to a bona fide purchaser, for value, without notice and before maturity vests him with a good title against all the world”. Ruling Case Law Section 211. 20 Pickering, 545, 550, 551, 10 Cush. 488, 491. We find no error in the action taken by the trial court and the report is therefore dismissed.