## PHILIP H. FOLGER *et al. versus* GEORGE H. CHASE, *et al.,* Executors.

Where a note is payable on demand at a specified bank, no demand need be made at any other place, and in an action against an indorser, it will be presumed, in the absence of evidence to the contrary, that the note was at the bank, and that some officer of the bank was in attendance to receive payment.

Under the *St.* 1819, *c.* 43, providing, that corporations shall be continued bodies corporate for the term of three years after the expiration of their charters, for the purpose of settling their concerns, but not for the purpose of continuing the business for which they were established, a bank is authorized, immediately before the expiration of such term of three years, to indorse a note held by it, to trustees appointed to wind up the affairs of the bank, and vested by it with all the powers of the corporation. [See Revised Stat. 44, § 7.]

Where a note indorsed by the payee to a bank of which P. H. F. was the cashier, was again indorsed as follows : " P. H. F., Cashier," it was *held,* that such second indorsement was sufficient. And it *seems,* that in an action upon such note, by the second indorsees against the payee, if the second indorsement is not sufficiently certain, the plaintiffs may, at the trial, prefix the name of the bank to such indorsement.

An indorsement written on a slip of paper, which was attached to the back of a note by a wafer, for the purpose of writing receipts of partial payments thereon, there not being room on the back of the note, was *held* to be sufficient ; the indorsement having been made after several of such receipts had been written on such attached paper.

THIS was assumpsit against the executors of Joseph Chase to recover the amount of three promissory notes.

The first note, dated April 11th, 1825, was made by E. Dixon, for the sum of $ 867, payable to the order of the testator at the Phœnix Bank in Nantucket, on demand, with interest, and was indorsed by the testator to the President, Directors and Company of the Phœnix Bank, the testator expressly waiving all right to notice as such indorser. Upon a separate paper, annexed to this note by a wafer, was the following indorsement : " P. H. Folger, Cashier."

The second note, dated January 18th, 1830, was made by James Barker, for the sum of $ 1235·92, and was payable to the order of the testator, at the Phœnix Bank, on demand, with interest. The third note, dated September 21st, 1832, was made by the testator, for the sum of $ 358·31, payable to the order of Edward Chase, at the Phœnix Bank, on demand, with interest. These two notes were indorsed by the respective payees and by " P. H. Folger, Cashier," the payees expressly waiving all right to notice as indorsers.

Folger
v.
Chase.

The trial was before *Shaw* C. J.

No evidence was given of the non-payment of the first and second notes by the makers, or of notice being given to the testator as indorser ; but the plaintiffs relied upon the special indorsement as waiving a demand and notice.

It was testified by one of the clerks of the bank, that he annexed the paper to the first note ; that the back of the note was covered with indorsements ; and that the paper was annexed in order to make room for further indorsements of payments, several of which were made before the note was indorsed over to the plaintiffs.

It further appeared, that the charter of the Phœnix Bank expired by its own limitation on October 1st, 1831 ; but the plaintiffs contended, that it was continued three years longer by virtue of *St.* 1819, *c.* 43.

It also appeared, that these notes were held by the Phœnix Bank until September 29th, 1834 ; that on that day it was voted by the directors, that the plaintiffs should be trustees to collect and divide the remaining effects of the corporation after the expiration of the charter, and that Folger, the cashier, should indorse all the notes held by the corporation, and deliver the same to the trustees ; and that on the same day, an indenture was executed by and between the bank and plaintiffs, by which the property of the bank was assigned to the plaintiffs, as trustees, for the purpose of collecting the debts due to the bank and settling its concerns, the trustees being vested with all the powers possessed by the corporation.

The testator was president of the bank from the time when it commenced operation until October, 1832, and he died on October 18th, 1833.

The defendants relied upon the following points of defence :

1. That a blank indorsement by the cashier, without using the name of the bank, was not a sufficient indorsement to transfer the notes.

2. That an indorsement upon a separate slip of paper, on one of the notes, was not sufficient to pass the property in the note.

3. That in regard to the notes which were indorsed by the testator, no diligence was shown to have been used to obtain payment from the makers.

4. That the plaintiffs had no beneficial interest in the notes ; that the action was, in effect, an action by the bank, brought more than three years after the time allowed by law for winding up its concerns ; and that the bank could not do that indirectly, which it could not do directly.

5. That after the expiration of the charter, the bank had no power by the statute to negotiate notes ; and that no title passed by their indorsement.

6. That this action was not commenced within the three years allowed by the statute for winding up the concerns of the bank ; and that, on that account, this action could not be sustained.

These points of defence were overruled *pro firmâ*, and reserved for the consideration of the whole Court ; and the defendants were defaulted. If the Court should be of opinion, that the plaintiffs were not entitled to recover on either of the notes, the default was to be taken off and a nonsuit entered ; but if the plaintiffs were entitled to recover on the notes, or either of them, judgment was to be entered on the default, for one or all the notes, as the Court should order.

*J. Mason* and *C. P. Curtis*, for the plaintiffs, to the first point, cited *Northampton Bank* v. *Pepoon*, 11 Mass. R. 288 ; *Spear* v. *Ladd*, 11 Mass. R. 94 ; to the second, *Yarborough* v. *Bank of England*, 16 East, 12 ; as to the third, *Berkshire Bank* v. *Jones*, 6 Mass. R. 524 ; *Woodbridge* v. *Brigham*, 12 Mass. R. 403, and 13 Mass. R. 566 ; as to the fourth, *Little* v. *Obrien*, 9 Mass. R. 423 ; *Brigham* v. *Marean*, 7 Pick. 40 ; *Ogilby* v. *Wallace*, 2 Hall's (New York) R. 553, and cases cited ; as to the fifth, *Fleckner* v. *Bank of the United States*, 8 Wheaton, 339 ; and as to the constitutionality of the statute of 1819, c. 43, *Foster* v. *Essex Bank*, 16 Mass. R. 245 ; *Lincoln & Kennebec Bank* v. *Richardson*, 1 Greenl. 79.

*March 23a*

*Eddy*, for the defendants, as to the third point of defence, cited *Berkshire Bank* v. *Jones*, 6 Mass. R. 524 ; to the point, that by the principles of the common law, upon the expiration of the charter of a corporation, all its real estate remaining unsold reverts to the original grantor and his heirs, 1 Kent's Comm. 246 ; to the point, that no interest in the notes passed to the plaintiffs, because the notes were not properly indorsed

to them, *Barlow* v. *Bishop*, 1 East, 432 ; *Spear* v. *Ladd*, 11 Mass. R. 94.

WILDE J. delivered the opinion of the Court. This was an action of assumpsit on three promissory notes of hand, on two of which the defendants are sued as executors of an indorser, and they object to the plaintiffs' recovery on these notes, on the ground that no demand has been made on the makers and no diligence used to collect the debts of them. These notes, however, were made payable at the Phœnix Bank, and were the property of the bank. No demand was necessary except at the bank ; and although there is no express proof that the notes were there, and some officer of the bank in attendance, at the times the notes fell due, yet this must be presumed, and it was for the defendants to show that the makers called at the place appointed, for the purpose of making payment. The testator, by his indorsements, guarantied that the makers would respectively be at the bank and pay the notes according to their tenor. *Berkshire Bank* v. *Jones*, 6 Mass. R. 525.

In the next place it is objected, that the bank had no authority to indorse the notes in question, as the indorsement was made after the charter of the bank had expired by its own limitation ; and that the bank had no power to sell or indorse their notes by virtue of *St.* 1819, *c.* 43. That statute provides, that all bodies corporate and politic, whose powers would expire, either by express limitation in their charters of incorporation, or otherwise, should be continued bodies corporate and politic, for the term of three years from and after the day on which their powers would expire, for the purpose of prosecuting and defending all suits, and of enabling them to settle and close their concerns and divide their capital stock ; but not for the purpose of continuing their business.

This is a just and wise remedial law, and ought to be liberally expounded. By the principles of the common law, upon the civil death of a corporation, all its real estate remaining unsold, reverts back to the original grantor and his heirs ; and the debts due to and from the corporation are extinguished. The object of the statute was effectually to guard against the inequitable consequences of this rule of the common law. Now

It appears, that within three years after the expiration of the charter of the bank these notes were indorsed, and we think the bank had competent authority, by virtue of the statute, to make the indorsements. The notes not having been collected, the bank had clearly a right to sell them, or to dispose of them in any other reasonable and proper manner, so as to wind up their concerns. The bank clearly had a right to transfer the notes to the plaintiffs, and it is no concern of the defendants how the money, when collected, is to be disposed of.

As to the objection, that the indorsement is not made in the name of the corporation, we think the indorsement by the cashier in his official capacity sufficiently shows, that the indorsement was made in behalf of the bank, and if that is not sufficiently certain, the plaintiffs have the right now to prefix the name of corporation.

The last objection is, that the indorsement on one of the notes was not made on the back of the original note, and therefore amounted only to an equitable transfer. The indorsement was made on a paper attached to the back of the note by a wafer, and it had been before thus attached for the purpose of entering thereon indorsements of payments, the back of the original note having been before covered with indorsements ; and several payments had been indorsed on the attached paper, before the note was transferred by indorsement to the plaintiff. This paper thus attached had become a part of the note, and no good reason can be given why an indorsement made thereon should not be held a valid and legal transfer. The objection is, that such an indorsement is not sanctioned by custom ; but we think it is supported by the reasons on which the custom was originally founded. Bills of exchange and promissory notes were indorsed on the back of the bills and notes, because it was a convenient mode of making the transfer, and in order that the evidence thereof might accompany the note. Such an indorsement as this will rarely happen, and no authority to support it could reasonably be expected ; but there is no authority against it.

If a person write his name on a blank paper, to be used as an indorsement of a note to be written on the other side, and it be filled up as intended, the party would be held liable as

Folger
v.
Chase.

indorser of the note, although such indorsements are infrequent, and are not according to the customary form of making a transfer ; but they have been held to be within the reason of the custom, and are supported by principle. Bayley on Bills, 92 , *Violett* v. *Patton*, 5 Cranch, 142.

So in the present case, as there is no authority against the validity of the indorsement, we think we shall violate no principle in holding it to be a legal transfer of the note.

*Judgment for the plaintiffs.*