### . Hays *versus* The Commonwealth.

Although advisable, it is not imperative upon the auditor-general, previous to the settlement of the account of a public officer, to give notice of the time and place of such settlement.

The omission to give notice after settlement does not avoid the proceedings of the accounting officers, but extends the time of appeal until sixty days after notice given.

The settlement of the accounting officers is conclusive, unless appealed from within the time prescribed.

Service of a summons in a suit brought by the Commonwealth, is equivalent to a notice, if no other has been given, and in such case the defendant may appeal within sixty days thereafter, proceedings on the suit to stay until the appeal is disposed of.

ERROR to the District Court of *Allegheny county*.

The Commonwealth brought an action of debt against George S. Hays, on the bond given by him for the faithful performance of his duty as prothonotary of the District Court and Court of Common Pleas of Allegheny county. The *narr.* averred a breach of the condition of the bond, in not accounting for and paying over according to law, certain moneys received by him in his official capacity.

On the trial, it was admitted that the defendant was elected prothonotary in 1849, that he was duly qualified as such, that he continued in office until December, 1852, and that he executed the bond upon which this suit was brought. Plaintiff offered in evidence a certified copy of defendant's account, by the auditor-general, dated 9th March, 1855, showing a balance against the defendant of $9906.51. To the introduction of this evidence the defendant objected :—

1. That there is no evidence that defendant had notice of this account by the auditor-general; or that a copy thereof under the hand and seal of the auditor-general had been sent to the defendant by mail or otherwise.

2. That the account on its face seems to be imperfect and incomplete.

3. That the account purports to contain items omitted in a former account. That the former account, by which the correction is attempted to be made, is not offered or proposed to be offered in evidence.

4. That the account is not specific enough, consisting of lumping items, and is not such an account as the auditor-general is required by law to make out.

The court admitted the evidence, and, at the defendant's request, sealed a bill of exceptions.

The defendant offered to prove " errors in the account given in evidence by plaintiff."

[Hays v. The Commonwealth.]

The plaintiff objected, the court sustained the objection, and sealed a bill of exceptions.

The court instructed the jury to return a verdict for the plaintiff for the balance appearing to be due by the account as settled by the auditor-general, with interest, subject to the opinion of the court as to the right of the Commonwealth to recover in this action upon the evidence in the cause, without positive proof by the plaintiff that the auditor-general sent to the defendant by mail or otherwise, a copy of said account under his hand and seal of office, according to the provisions of the Act of 30th March, 1811, which question was reserved by the court, and if the court should be of opinion that the plaintiff can recover, without actual or positive proof of such copy being sent to the defendant by mail or otherwise, then judgment to be entered on the verdict for the plaintiff. But if the court should be of opinion that the plaintiff could not recover, without such proof being given, then judgment to be entered for the defendant, *non obstante veredicto.*

Afterwards the court entered judgment on the verdict in favour of the plaintiff.

The cause was removed to this court by the defendant, who assigned the following errors:—

1. The admission in evidence of the certified copy of the account of defendant, dated March 9, 1855, being the subject-matter of the first bill of exceptions.

2. Overruling the offers of evidence made by the defendant, being the matter contained in the second bill of exceptions.

3. The entry of judgment on the reserved question in favour of plaintiff.

*G. P. Hamilton,* for plaintiff in error.—The annual and final settlement of plaintiff in error's accounts constituted but one, and should have been offered in evidence as a whole. The Act of 1812 requires actual notice of settlement to be given by the accounting officers. The presumption that the auditor-general did his duty and gave notice, does not apply to ministerial officers. Although the settlement may be a judicial act, giving notice is ministerial. As a judicial proceeding the settlement should have no effect, as the defendant had no day in court.

*James H. Hopkins,* for defendant in error.—The account settled was complete and in pursuance of law, sec. 8, Act of April 21, 1846. Though no notice had been given, the rights of government cannot be destroyed by the *laches* of its agents: U. S. *v.* Kirkpatrick, 9 *Wheat.* 735; U. S. *v.* Vanzandt, 11 *Wheat.* 188; Haehnlen *v.* Commonwealth, 1 *Harris* 617. The copy of the settlement filed in the prothonotary's office of Allegheny county,

VOL. III.—18

was constructive notice. But the service of the summons in this cause was actual notice. The defendant neglected to avail himself of provisions of 16th sec. of Act of 1811, the settlement was therefore conclusive : Commonwealth *v.* Farrelly's Administrators, 1 *P. Rep.* 52; Commonwealth *v.* Aurand, 1 *R.* 282; Spangler *v.* Commonwealth, 8 *Watts* 57 ; Speck *v.* Commonwealth, 3 *W. & Ser.* 324; Commonwealth *v.* Reitzel, 9 *W. & Ser.* 109 ; Hutchinson *v.* Commonwealth, 6 *Barr* 124.

The opinion of the court was delivered by

Lewis, C. J.—The Act of 30th March, 1811, gives to the auditor-general and state treasurer full jurisdiction to examine and adjust " all accounts between the Commonwealth and any person or persons, body politic or corporate, as well those with the officers of the revenue as other persons intrusted with the receipt, or who have, or hereafter may become possessed of public money." They have power, by the express provisions of the act, to compel the attendance of the accountant and the production of his vouchers, but this is for the greater security of the Commonwealth, and not for the benefit of the accountant. There is no provision in the statute requiring the auditor-general to issue a summons to the party before proceeding to settle an account. On the contrary, it is implied that the settlement may be made without such notice, from the provisions requiring notice of the settlement to be given " within thirty days" afterwards, and allowing the accountant " sixty days after notice," to file an appeal, if dissatisfied with the settlement.

It is true that no man can be deprived of his right without an opportunity to be heard. Michael Dalton, in his old law-book, called the Country Justice, enforces this principle, by declaring it to be God's law, and citing *Gen.* 3, 9, " Adam, where art thou ?" and *Gen.* 4, 9, "Where is thy brother Abel ?" *Dalton's Justice,* 27th ed., 1643. Chief Justice Gibson recognises the same doctrine in The Commonwealth *v.* Fitler's Administrator, 12 *Ser. & R.* 278; and Judge Coulter does the same thing in Brown *v.* Hummel, 6 *Barr* 91. In accordance with this principle, we would certainly advise the accounting officers to give notice of the time and place appointed for the settlement, in all cases where it is practicable. But it is a great mistake to suppose that an omission to do so renders their proceedings absolutely void, and transfers the jurisdiction over the accounts to the courts of common law. The only effect of omitting to give the notice required is to extend the time for an appeal until sixty days after the notice shall be given. The party is thus secured all the advantages of a jury trial. The legislature had an undoubted right to prescribe a limit within which that privilege shall be claimed, and the public convenience renders it eminently proper that the trial shall be before the court

which sits at the seat of government. If the accountant will not claim his rights in the manner prescribed by the statute, we have no power to give him a hearing on any other terms. The adjustment by the auditor-general and state treasurer must be regarded as conclusive, unless appealed from within sixty days after notice. The Act of 1806 requires that where a statute prescribes a remedy, that remedy shall be pursued. If the auditor-general neglects to give notice of the settlement, and brings an action to recover the amount without such notice, the notice may be treated as given when the writ is served, and if an appeal be filed within sixty days thereafter, the action must be stayed until the appeal is tried before the proper tribunal. In this case the defendant below pleaded to the declaration on the 4th of August, 1855. It would be preposterous to say that he had not notice at that time that the account had been settled. Having neglected to pursue the remedy prescribed by the statute, the settlement is conclusive. We see no error in the proceedings of the District Court.

Judgment affirmed.