# Hultz et al. *versus* Commonwealth.

1. Where the error assigned is to the admission or rejection of evidence, the specification must quote the full substance of the bill of exceptions, or copy the bill in immediate connection with the specification.

2. Where the error assigned is to the charge of the court, the part of the charge referred to must be quoted *totidem verbis* in the specification.

3. A settlement made by the auditor-general and state treasurer is conclusive, unless appealed from within sixty days after notice of it.

4. Where no notice of a settlement by the auditor-general and State treasurer has been given before the commencement of the suit, the suit in an action claiming the amount found due may be regarded as notice.

5. When an official bond is signed by the officer and his sureties, and delivered to the proper officer, it is an authority to fill up the blanks with the names of the obligors.

ERROR to the District Court of *Alleghany County*.

Debt on an official bond in which plaintiffs in error were defendants below.

The opinion of the court was delivered January 12, 1857, by

LEWIS, C. J.—There were seven specifications of error, but not one of them is in accordance with the rule of court.

" When the error assigned is to the admission or rejection of evidence, the specification must quote the full substance of the bill of exceptions, or copy the bill in immediate connection with the specification." Rule VIII., 6 Har. 578.

" When the error assigned is to the charge of the court, the part of the charge referred to must be quoted *totidem verbis* in the specification." Rule VIII., 6 H. 578.

The judgment must, therefore, be affirmed.

But if the case were properly before us, we see no just ground for reversing the judgment. The conclusiveness of the settlement by the auditor-general and State treasurer, when not appealed from within sixty days after notice of it, has been decided in the case of *Hays* v. *The Commonwealth*. It is also decided in the same case, that when no notice of the settlement has been given before the commencement of the suit, the service of the writ in an action claiming the amount, may be regarded as notice. In this case the defendant pleaded to the action on the 15th December, 1855. This is conclusive evidence of notice of the settlement. Their omission to appeal within sixty days from that time leaves them without a shadow of defence arising from the want of notice.

The 1st section of the act of 31st March, 1823, makes the certified copy from the state department, competent evidence. The 7th section of the act of 14th April, 1834, contains nothing of the kind alleged in the argument of the plaintiffs in error.

[Baldwin and Snowden Road.]

The 71st section of the act of 13th March, 1834, was probably the section and act intended to be cited, but this only makes copies of sheriff's and coroner's bonds evidence when certified by the recorder of deeds. But, if the original bond had been offered, with the blank for the names of the obligors still remaining, we would not dispense with a rule of court to admit a defence so destitute of justice. When an official bond is signed by the officer and his sureties, and delivered to the proper officer, it is an authority to fill up the blanks with the names of the obligors. If necessary, the blanks might be filled up on the trial. See 5 Cranch,. 142; 4 Mass. Rep. 145; 1 H. Bl. Rep. 313; 5 Mon. 25; 2 Dana, 142; Byles on Bills, 234.

It always seems hard when a surety is called on to pay a debt of his principal, but this hardship he takes on himself when he binds himself for another. We cannot relieve the plaintiffs in error from their contract.

Judgment affirmed.