# COMMONWEALTH v. BRUSH ELEC. LIGHT CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY.

Argued June 3, 1891—Decided October 5, 1891.
[To be reported.]

1. A corporation whose business is producing electricity and selling it to customers for the generation of light, heat or power, is not a manufacturing corporation within the meaning of § 20, act of June 30, 1885, P. L. 199, and is not exempted thereby from the tax imposed by § 4, act of June 7, 1879, P. L. 114: Commonwealth v. Light & P. Co., ante, 105.

2. Capital stock, issued by a corporation, in consideration of a license granting to it the exclusive right to use and sell a patented appliance within certain territory, the machines for such use and sale to be furnished to it by the licensor at the regular list prices, is not an investment in patent rights exempt from taxation: Commonwealth v. D. & P. Teleg. Co., ante, 121.

(a) Section 4, act of June 7, 1879, P. L. 112, provides that corporations which have "made or declared," during any year, dividends amounting to six per cent or more upon the par value of their capital stock, shall be taxed at the rate of one half mill for each one per cent of dividend; otherwise, at the rate of three mills for each dollar of the actual value.

Decision of Court below.

(*b*) The earnings of a corporation during a certain year were less than six per cent, but it declared a dividend in excess thereof, made up in part of accumulated earnings of prior years, in none of which did its earnings reach six per cent, and for each of which it had paid a tax of three mills on the actual value of its stock:

3. The corporation was taxable for the year in which the dividend was declared, only at the rate of three mills on each dollar of the actual value of its capital stock: Lehigh C. Iron Co. v. Commonwealth, 55 Pa. 448, distinguished. The declaration of the dividend was prima-facie evidence that the money was all earned within the year, but not conclusive.

4. Said § 4, act of June 7, 1879, P. L. 114, providing the method by which the capital stock of private corporations shall be rated for taxation, is not in conflict with § 1, article IX. of the constitution of Pennsylvania, or § 1, article XIV. of the amendments to the constitution of the United States: See Commonwealth v. Canal Co., 123 Pa. 594.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 33 May Term 1891, Sup. Ct.; court below, No. 195 September Term 1889, C. P.

On July 22, 1889, the Brush Electric Light Company, of Philadelphia, filed its appeal from an account settled by the auditor general and state treasurer, charging the company with taxes on its capital stock for the tax years 1886 and 1887, the appeal being accompanied with a specification of objections.

The case was tried December 2, 1889, without a jury, on a submission under the act of April 22, 1874, P. L. 109, and on April 30, 1890, the court, SIMONTON, P. J., filed the following decision:

FINDINGS OF FACT.

1. Defendant is a Pennsylvania corporation, chartered March 31, 1881, under the provisions of the corporation act of April 29, 1874, P. L. 73, and its several supplements, for the purpose of carrying on the business of manufacturing, procuring, owning and operating the various apparatus used in producing light, heat or power by electricity, or used in lighting buildings, with the right to acquire, hold, manufacture and manage such property, real, personal, and mixed, as may be deemed necessary or advisable to use in connection therewith; and with such other rights as are provided for in the act of assembly entitled "An

Decision of Court below.

Act to provide for the incorporation and regulation of certain corporations," approved April 29, 1874, and its several supplements. The defendant subsequently accepted the provisions of the act of May 8, 1889, P. L. 136, by filing such acceptance in the office of the secretary of the commonwealth.

2.—After finding that light was produced by electricity, in the manner described in the findings of fact, made in Commonwealth v. Light & Power Co., ante, 105, the decision continued:

3. The business in which defendant is engaged is that of supplying light to its customers in the city of Philadelphia, by the means of its dynamos, wires and arc lights or lamps; and it is not engaged in furnishing either heat or power, nor in manufacturing electric or other apparatus.

4. Defendant has a capital stock of one million dollars, eight hundred thousand dollars of which was issued and paid to the New England Electric Company of Boston, now called the Brush Electric Light Company of New England, for the right to use the patents within the county of Philadelphia * which enables the defendant to carry on its business and to furnish light to its customers, as above stated, and without which it could not carry on said business; and the other two hundred thousand dollars of capital stock was issued and paid for in cash by the other stockholders of the company, and invested in the real estate, dynamos, wires, poles, and other plant of defendant.

5. It is admitted and agreed for the purposes of this case, and we therefore find, that about one half of the corporations taxable on capital stock, under the acts of 1877 and 1879, pay no dividends, or dividends less than six per cent, and are therefore taxable at the uniform rate of three mills on the actual cash value of their capital stock. The other one half pay dividends of six per cent or more, and their capital stock is taxed at one half mill for each one per cent of dividend. Capital stock on which less than six per cent dividend is paid is often appraised above par, and the companies whose stock is thus appraised

---

* The contracts by which this right was acquired were in evidence. The New England company granted thereby the sole and exclusive right to sell, rent, and use the electric apparatus manufactured under patents issued to Joseph W. Swan, within the city of Philadelphia, agreeing to furnish such supplies and apparatus for use in Philadelphia only, at the regular list prices.

Decision of Court below.

pay more tax than if they paid six per cent or more in dividends, and more tax proportionately than other companies which do pay greater dividends. Thus in 1880, 1881 and 1886, when defendant paid dividends of less than six per cent, it was taxable under the law at three mills on valuations largely above par, (in 1881, twenty-three per cent above,) while, had it paid a six per cent dividend, its tax would have been only three mills on par; and numerous railroad companies which did pay six per cent, and the actual value of whose stock was greater than that of defendant, were liable to and did pay only three mills on par. Owing to the varying conditions of corporate affairs, property and business, the rate of dividends is not a certain measure of the actual value of corporate stocks.

The following tables prepared from the evidence, show with reasonable exactness the operation and effect of these acts, with respect to taxation of capital stock: . . . . .*

6. In the settlement appealed from, defendant is charged for the year ending the first Monday of November, 1886, with a tax of three mills on $250,000, the amount for which its capital stock was appraised for that year in the report made by it to the auditor general. For the year ending the first Monday of November, 1887, it is charged five and one half mills upon its capital stock of $1,000,000, it having during said year made a dividend of eleven per cent upon said capital. The amount of this dividend was not all earned during said year, but represented the earnings of several preceding years.

On these facts, defendant claims in the first place entire exemption from taxation, on the ground that it is a manufacturing corporation; in the second place, exemption upon so much of its capital stock as was issued and paid for the right to use the patents under which it is doing business in the county of Philadelphia; and in the third place, defendant claims that the act of assembly upon which the settlement appealed from is based is unconstitutional, and in conflict with the provisions of the state constitution requiring uniformity of taxation, and with the provisions of the fourteenth amendment of the federal constitution.

We have recently decided in Commonwealth v. United

---

* See these tables, omitted here, in 28 W. N. 528.

States Elec. Light. Co., 7 Pa. C. C. R. 90, that an electric lighting company, of the same character and engaged in the same business as defendant, is not a manufacturing company, and is, therefore, not exempt from taxation upon its capital stock by § 20 of the act of June 30, 1885, and without repeating it we adopt what is said in that case as our opinion on this point here.

We have recently decided in Commonwealth v. Gas Imp. Co., 7 Pa. C. C. R. 116, that capital stock invested in patent rights is not taxable. In that case, the defendants were the absolute owners of the patent rights in question, while in this case they owned merely the exclusive right to the use of the patents within the city and county of Philadelphia, and it is therefore contended on behalf of the commonwealth that the principle of that case does not apply here. We are, however, of the opinion that this contention cannot be sustained. The capital of defendant is as really invested in the patent rights, and its ownership within the prescribed territory is as real, in the one case as in the other. The difference between them is not in kind, but only in degree; and we think that the same principles must be applied to this case as to that, and we are required by the decisions of the Supreme Court of the United States to hold, as we did in the former case, that so much of the capital stock of defendant as is invested in the patent rights in question is exempt from taxation, and that, to that extent, the settlement appealed from is erroneous.

Defendant contends further, that, as applied to the facts of this case, § 4 of the act of June 7, 1879, is unconstitutional and void, because in conflict with § 1, article IX. of the constitution of Pennsylvania, which requires that all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the same; and also because it is in conflict with § 1, article XIV. of the amendments to the constitution of the United States, which provides that no state shall make or enforce any law which shall abridge the privileges or immunities of the citizens. On the authority of Commonwealth v. Canal Co., 123 Pa. 594, and Commonwealth v. Chester City, 123 Pa. 626, we hold that the objection with respect to the state constitution cannot be sustained, nor do we think the objection referring to the constitution of the United States is valid.

We therefore arrive at the following

CONCLUSIONS OF LAW:

1. Defendant is not a manufacturing corporation, and is not exempt from taxation on its capital stock by § 20 of the act of June 30, 1885, but is subject to the capital-stock tax imposed by § 4 of the act of June 7, 1879.[1]

2. Defendant is not taxable upon so much of its capital stock as is invested in patent rights within the city of Philadelphia; and the settlement appealed from, so far as it imposes a tax upon so much of the capital stock of defendant as is so invested, is erroneous and illegal.

3. The fourth section of the act of June 7, 1879, is not in conflict with § 1, article IX. of the constitution of Pennsylvania, and is not unconstitutional.[2]

4. The said section is not in conflict with § 1, article XIV. of the amendments to the constitution of the United States.[3]

5. The commonwealth is entitled in this case to tax upon the one fifth of the amount for which the capital stock of defendant was appraised for the year 1886, and to a tax upon the one fifth of the capital stock of defendant for the year 1887, as follows:

One fifth of $250,000,—$50,000 ; tax three mills,     $  150 00
"          $1,000,000,—$200,000 ; tax 5½ mills,      1,100 00
                                                    _____
                                                    $1,250 00
Interest at 12 per cent from June 25, 1889, to April
  30, 1890,          .    .    .    .    .    .    .     127 08
Attorney general's commission, at 5 per cent,    .       62 50
                                                    _____
      Total,  .    .    .    .    .    .    .        $1,439 58

for which amount judgment is directed to be entered, if exceptions be not filed within the time limited by law.

—To the foregoing decision, the defendant filed exceptions, specifying that the court erred:

1. In not finding, as an additional fact, "that during the year ending with the first Monday of November, 1887, the actual value of the entire capital stock of the defendant did not exceed $385,000, or 38.50 per centum of its nominal or par value."

2–4. In the conclusions of law.[1 to 3]

5. In directing judgment to be entered for $1,439.58.[4]

6. In not directing judgment for the defendant.[5]

On March 31, 1891, the court, SIMONTON, P. J., filed an opinion which, after quoting defendant's first exception, continued as follows :

We find this to be the fact as stated, although we consider it irrelevant and not affecting the judgment to be entered in the case.

All the other exceptions are overruled, and judgment is directed to be entered for the sum of $1,439.58, as ascertained in the opinion heretofore filed.

—Judgment having been entered, the defendant took this appeal, assigning for error :

1–5. The overruling of defendant's exceptions.[1 to 5]

*Mr. M. E. Olmsted* and *Mr. Wayne MacVeagh* (with them *Messrs. Morgan & Lewis*), for the appellant :

The tax imposed by § 4, act of June 7, 1879, P. L. 112, is not a tax upon dividends declared, but a tax upon the capital stock : Lehigh Crane Iron Co. v. Commonwealth, 55 Pa. 451. It is in substance a tax upon the property of the corporation : Commonwealth v. Standard Oil Co., 101 Pa. 119. It therefore clearly appears that the property of corporations is subjected by the act not only to differing methods of valuation, but also to differing rates of taxation according to the circumstances. There is no uniformity as to either value or rate. The operation of the act upon the corporations of this state clearly appears from the findings of the court below, which exhibit every conceivable form of inequality and lack of uniformity, in plain violation of § 1, article IX., constitution of Pennsylvania, and § 1, amendment XIV., constitution of the United States. The case at bar differs from Commonwealth v. Canal Co., 123 Pa. 594, and Commonwealth v. Chester City, 123 Pa. 626, relied on by the court below. Under the statute considered in those cases, there was undoubted uniformity as to rate, and the valuation was in one sense uniform, being always at par. The case at bar presents an entire lack of uniformity. But, even if the act of 1879 were constitutional, the defendant is relieved from taxation of its capital stock by § 20, act of June 30, 1885, P. L. 199, as the facts found show that it is a manufacturing corporation.

*Mr. W. U. Hensel,* Attorney General, (with him *Mr. Jas. A. Stranahan,* Deputy Attorney General,) for the Commonwealth:

It is rather late in the day to raise the question of the constitutionality of § 4, act of June 7, 1879, P. L. 112. Its provisions have been part of the revenue law of Pennsylvania since their first incorporation in § 33, act of April 29, 1844, P. L. 498, and have always been acquiesced in. The defendant's argument is fully met by Commonwealth v. Canal Co., 123 Pa. 594. On the question whether the defendant is engaged in manufacturing, we refer to the argument in Commonwealth v. Light & Power Co., ante, 105.

OPINION, MR. JUSTICE WILLIAMS:

The "conclusions of law" reached by the learned judge of the court below in this case embrace four distinct propositions. The first of these, holding that the defendant is not a manufacturing company, is sustained by Commonwealth v. Light & Power Co., ante, 105, decided at the present term. The second affirms that the capital stock used by the defendant to pay for the use of the appliances obtained from the New England Electric Light Co., to enable it to enter upon its business is invested in patent rights. This conclusion is overturned by Commonwealth v. D. & P. Teleg. Co., ante, 121, also decided at the present term. The third holds the act of 1879, so far as the third section comes under notice in this case, to be constitutional. This is justified by Commonwealth v. Canal Co., 123 Pa. 594.

Tax laws have not yet been devised that will work out absolute equality of burden. If the constitution requires this, we have no tax-laws. Taxes must be levied under general laws; and where the measure of value and the rate are uniform and applicable to all the members of the given class, the incidental hardships and inequalities must be borne. The act of 1879 taxes the capital stock of corporations. But some stocks are of much and some of little value; how are these to be distinguished? The act looks properly at the earning capacity of the stock or the business it represents, as affording the best measure of its value. It takes the earnings that are divided, and adds those that are carried to sinking fund, and the total thus made is used as the standard of valuation. If these

amount to six per centum or upward, the stock is worth its face value or more, and for purposes of taxation it is valued at par. The rate of taxation slides upward with the sum of the amounts carried to dividend account and to sinking fund. If this amounts to just six per cent on the capital, the rate is three mills on the dollar of the par value. If it is seven per cent, the rate is three and a half mills on the dollar, and so on at the rate of a half mill on the dollar for every one per cent of advance in the earnings, as shown by combining the items selected for this purpose. But, if this total is below six per cent, it is assumed that the stock is worth less than par, and provision is made for an appraisement of its value. When this is made, the rate of three mills is applied to the appraised value in order to ascertain the amount of the tax. Why the net earnings were not adopted as the proper measure of value, instead of so much of them as may be divided or carried to the sinking fund, it is not material to inquire. The standard adopted is applied impartially. Whether it is the best one that could have been adopted or not, is more a legislative than a judicial question, and the learned judge was right in his conclusion that the provisions of the act of 1879, relating to this subject, are not objectionable on constitutional grounds.

The remaining proposition is that which fixes and declares the amount of the tax due. Whether this is right or not depends on whether the fact that a dividend is declared in a given year is conclusive evidence that the money was earned during that year. If there can be no explanation of the circumstances under which the dividend is made, or the time when the money was earned, the learned judge computed the amount due at the proper rate, and upon the proper valuation. If, on the other hand, the dividend is prima facie evidence only, then both the valuation and the rate adopted are, upon the facts found, incorrect.

The stock of the defendant company is one million dollars. It declared dividends in 1887 amounting to eleven per cent on the par value of the stock, and, if this was all that appeared on the subject, the learned judge correctly held the stock to be subject to a tax of five and one half mills on its par value. But he found as a fact that the dividends were made, not out of the earnings of 1887, but out of the accumulated earnings

of several years ; and that the stock was really worth during that year but thirty-eight dollars and fifty cents per share, having a face value of one hundred dollars. He does not apportion the earnings among the six or seven years during which the company had been in business. But, for purposes of illustration, let us suppose that for four years it had earned an average of three per cent. Its returns to the auditor general, showing its earnings and financial condition each year, furnished the elements for the appraisement of the stock, and upon the valuation so made the rate of three mills has been regularly applied, and the taxes paid down to 1887. In that year the company decides, for some reason, not to carry the accumulations longer in its treasury, but to divide them. Its business is not increased; the earning power of the stock has not been increased; its intrinsic value remains as before, at about one third of its face value ; but the state tax has advanced from about one mill to five and one half mills on the dollar of the face value. On shares whose value has not increased, the taxes are multiplied five and one half times. This results from giving to the dividend the effect of conclusive proof that the money it represents was earned during the year. The act of 1879 does not require this, and the consequences are so harsh, and work such gross inequality, that nothing less than a plain expression of the legislative intent would induce us to hold such a doctrine. If the tax is assessed on the basis of the actual value, the result would be as follows : Stock, face value, one million dollars ; actual value, three hundred and eighty-five thousand dollars. If the dividend is conclusive of the value, then the stock must be valued at par. The rate would then be one half mill for each one per cent of the dividend, or five and one half mills on the par value of the stock, equal to five thousand five hundred dollars. We are of opinion that the dividend should be regarded as evidence, prima facie, that the money was earned during the tax year in which it was declared. The burden of proof is then on the corporation. If it can show clearly that the dividend was made out of the accumulated earnings of previous years, in none of which did its earnings reach six per cent, and in all of which it paid taxes on the appraised value of its stock, the prima facies is overcome, and the tax should be levied on the actual value, ascertained as the law directs. This is not in con-

Statement of Facts.

flict with Lehigh Crane Iron Co. v. Commonwealth, 55 Pa. 448, for the profits divided in that case were what remained after the payment, year by year, of six per cent dividends.

> The judgment is reversed, and judgment is now entered as follows:
> Tax at three mills on stock,
> Stock $1,000,000, valued at $385,000, $1,155.00
> Int. at twelve per ct., from June 25,
> 1889.
> Attorney general's commissions,          57.75