## Commonwealth v. McPhee.

*Ralph W. Peacock*, for plaintiff; *David H. Weiner*, for defendant.

CUMMINS, J., Aug. 20, 1928.—The defendant, a distributor by retail of gasoline and oil, under and pursuant to the provisions of the Act of June 15, 1923, P. L. 834, and the supplements thereto, collected from the purchasers, for the Commonwealth, a State tax and emergency State tax imposed by said act on liquid fuels, and made returns of said tax so collected to the office of the Auditor General, which said official, having determined that said tax so returned was inaccurate, under and by virtue of the authority vested in him by the Act of June 15, 1923, P. L. 834, estimated and assessed against said defendant the balance of tax found to be due, together with the proper penalty, and gave notice to the defendant of such estimated assesssment. The balance of tax due the Commonwealth so assessed against the defendant amounts to $949.49, with interest from March 30, 1927, from which assessment so made no appeal was taken by the defendant. The assessment so made not having been paid, the Commonwealth properly seeks to recover the amount thereof in an action of *assumpsit:* Act of June 15, 1911, § 1, P. L. 974.

To the Commonwealth's claim the defendant has filed an affidavit of defense, in which he makes no denial of the fact that he was duly notified by the Auditor General of the assessment, that notice of assessment was regularly given him, that no appeal was taken therefrom, or that he has not paid the amount thereof. The case is now before the court on motion for judgment for want of a sufficient affidavit of defense.

Section 11 of the Act of March 30, 1811, P. L. 145, provides that if a taxable is dissatisfied with any settlement made by the Auditor General or State Treasurer, he must appeal therefrom to the Court of Common Pleas within sixty days after notice of such settlement. An appeal from such assessment, as provided by this section of the act, is the taxable's exclusive remedy: Hays *v.* Com., 27 Pa. 272. The provisions of said Act of March 30, 1811, P. L. 145, have application to settlement of accounts by the Auditor General of taxes due the Commonwealth from dealers in gasoline, assesssed and collected under the provisions of the Act of June 15, 1923, P. L. 834: Schoyer *v.* Comet Oil and Refining Co., 284 Pa. 189.

The defendant having failed to appeal from the settlement of the assessment made cannot now defend against the Commonwealth's claim on the

ground that the same is not due, his statutory remedy being exclusively by appeal: Philadelphia *v.* Com., 52 Pa. 451; Hays *v.* Com., 27 Pa. 272.

### Decree.

And now, to wit, Aug. 20, 1928, judgment for want of a sufficient affidavit of defense is entered for the plaintiff and against the defendant for the sum of $949.49, with interest from March 30, 1927.

From Harry D. Hamilton, Washington, Pa.