## Constitution Defense League v. Baldwin, Auditor General, et al.

*Negley, Negley & Patterson, Caldwell, Fox & Stoner,* and *Maurice Yoffee,* for plaintiff.

*Charles J. Margiotti,* Attorney General, *S. M. R. O'Hara,* and *Andrew Hourigan,* for defendants.

WICKERSHAM, J., June 8, 1936. — This case came on to be heard, testimony was taken, and an opinion rendered in which we determined that the Constitution Defense League was a proper party plaintiff, having twice paid a mercantile tax in the City of Philadelphia; and that the defendant corporation was a denominational and sectarian institution, and that the appropriations made to it were therefore unconstitutional and void: See 42 Dauph. 169.

To the opinion and decree nisi of the chancellor, counsel for the defendants have filed 57 exceptions. We will first direct our attention to exceptions 43, 44, 45, and 47, all of which object to the chancellor's opinion for the reason

that we found that the plaintiff paid a mercantile license tax to the City of Philadelphia, some part of which was forwarded, under the Act of May 2, 1899, P. L. 184, to the Commonwealth of Pennsylvania.

It was stated at bar that the plaintiff is a corporation of the first class under the General Corporation Law of April 29, 1874, P. L. 73, whose corporate purpose is to defend and protect the Constitution of Pennsylvania. This the defendants concede. Plaintiff then stated, in answer to a question by the court, whether it is engaged in the "business of printing", that it has engaged in such business as incidental to its corporate purpose, and that it makes a profit out of the "business of printing".

This is a taxpayer's bill and the plaintiff's right to commence and prosecute this suit depends entirely on whether it is a bona fide taxpayer. Much of the contention we find in plaintiff's brief assumes legal conclusions which cannot be established.

It is contended by counsel for the defendant institution that the first and basic proposition, that the plaintiff corporation is engaged in the "business of printing", is controverted by the fact, which is in evidence, that the plaintiff is a corporation of the first class, created under the General Corporation Laws of 1874, supra. By that act plaintiff is limited to the exercise of the powers of a nonbusiness enterprise; its corporate powers, as now modified by the Nonprofit Corporation Law of May 5, 1933, P. L. 289, are still limited to those of a nonbusiness enterprise "organized for a purpose or purposes not involving pecuniary profit, incidental or otherwise, to its members."

We think the "business of printing" involves a profit, and when, prior to July 3, 1933, the incorporators undertook to engage in said business they were required by the General Corporation Act of 1874 to constitute themselves a corporation of the second class. Such a corporation, since July 3, 1933, is a "business corporation" to

which the Business Corporation Law of May 5, 1933, P. L. 364, now applies: See sections 3 and 1201 of the act.

We think the intention to compel payment of a tax by the plaintiff corporation is not manifest in the language of the Act of 1899. It has been decided definitely by the courts of this Commonwealth that an incidental profit derived by a corporation of the first class under the General Corporation Law of 1874, in the lawful exercise of its corporate franchise, does not subject it to a tax under the Act of 1899. The Union League of Phila. v. Ransley et al., 35 Pa. C. C. 273, in which it was held:

"A club for social enjoyment which maintains for the accommodation of its members, their guests or the guests of the club, a restaurant, sleeping apartments, billiard and pool tables, bowling alleys and other conveniences, and whose receipts from the restaurant and pool and billiards exceed the cost of maintaining them, the excess being applied to the general running expenses of the club, does not thereby render itself liable to pay a mercantile license tax under the provisions of the act of May 2, 1899, P. L. 184, as a vendor of or dealer in goods, wares and merchandise, under the terms of the act of April 25, 1907, P. L. 117, as a corporation engaged in carrying on a restaurant, eating house or café, or under the act of May 25, 1907, P. L. 244, as a corporation keeping for purposes of profit a billiard and pool room and bowling alley.

"Social clubs are not within the meaning of these acts."

The opinion in this case was written by President Judge Martin, who discussed its several phases in a very thorough and comprehensive manner.

It will be noted that section 1 of the Act of 1899, supra, provides:

"That from and after the passage of this act, each retail vender of or retail dealer in goods, wares and merchandise shall pay an annual mercantile license tax".

It cannot be successfully contended that conducting a printing business constitutes the plaintiff "a retail dealer in goods, wares and merchandise."

In Commonwealth v. Pocono Mountain Ice Co., 23 Pa. Superior Ct. 267, the Superior Court held that the Act of 1899 was intended to deal only with mercantile pursuits, and that the various modes of expression used therein to designate the subjects of taxation were merely different forms of describing the class called merchants or shop-keepers.

It is contended by counsel for the plaintiff that its lawful activities are to support and defend the Constitution of Pennsylvania, and that the "business of printing" is incidental to that purpose. This requires us to examine the purpose for which the plaintiff was incorporated, which is as follows: "is formed for the purpose of the education and instruction of the public in citizenship and patriotism and the advocating and prompting of the highest type of patriotism and the proper understanding of the provisions and limitations of our constitutional form of government and also the support and defense of the Constitution of Pennsylvania and of the United States." We gather from the argument of counsel for the plaintiff that it makes a profit out of its support or defense of the Constitution of Pennsylvania.

Section 309 of the Nonprofit Corporation Law of 1933, supra, provides:

"Any non-profit corporation, the lawful activities of which require the receipt and payment of money, including among other things the charging of admission fees, tuition or other school fees, and fees for the handiwork of members of the corporation, shall have the right and power to receive and collect such moneys to the extent necessary for the accomplishment of the purpose or purposes for which it is organized, and, in so doing, may make an incidental profit."

It is not contended by the plaintiff that it has made a charge for membership fees, tuition fees, or similar charges, which charges are lawful. If the plaintiff corpo-

ration makes a profit, such profit must be incidental to its lawful activities permissive under section 309 of the Nonprofit Corporation Law, but such incidental profit does not make the plaintiff a vendor of merchandise within the meaning of the Act of 1899, and therefore it is not liable to pay the tax under the act. If this tax is paid as a subterfuge in order to give the plaintiff standing as a party plaintiff in a suit like this it cannot avail.

In Palmer v. Harris, 60 Pa. 156, it was held: "Equity will not extend its protection to one whose case is not founded in truth." See also opinion of Mr. Justice Sharswood, at page 160.

In Reynolds v. Boland, 202 Pa. 642, it was said by Mr. Justice Brown, at page 647:

"Equity springs from conscience and is administered through it. He who would reach the conscience of a chancellor must come with his own void of offense, for 'He that hath committed iniquity shall not have equity:' 1 Pomeroy's Equity Jur. 434-443; Bisham's Equity, 60-61."

As we understand plaintiff's contention, it is as follows: We have made a profit out of the business of printing; that business is incidental to our corporate purpose to protect and defend the Constitution of Pennsylvania; the plaintiff is honest; it has reported the profit to the taxing authorities; it has been assessed by the taxing authorities for a mercantile license tax by reason of that profit; it has paid the tax into the general fund of the Commonwealth; it is a taxpayer of this Commonwealth; it has been injured by the appropriations in question; it is entitled to equitable relief.

Honesty did not require the plaintiff to report its ultra vires acts and pay a tax thereon which could not be legally collected.

If the plaintiff were honest would it have undertaken the "business of printing" under a nonprofit charter, and by so doing evade the payment of the bonus and other gov-

ernmental levies on corporate franchise granted only to a business corporation?

But the plaintiff alleges it was assessed for the mercantile license tax for two years, and to prove it presented two tax receipts dated, respectively, May 1, 1934, and May 1, 1935, as evidence of the payment of a mercantile license tax under the Act of 1899, and claims that on April 10, 1934, and on June 2, 1933, it was a taxpayer, paying a tax into the general fund of the Commonwealth.

The record shows that these payments were made after this suit was brought, namely, after April 10, 1934. The defendants contend that payment at a date later than April 10, 1934, is not sufficient to support a claim of injury or damage by plaintiff corporation. There is no support for plaintiff's contention that, though the tax was paid, respectively, on May 1, 1934, and May 1, 1935, it evidenced a tax for the years 1933 and 1934. There is not support for this assertion in the evidence, and none can be found in the Act of 1899, its amendments and supplements.

It is further alleged by the plaintiff that it is honest, and when a tax was assessed upon it the tax was paid. We are referred, among other cases, to American Coat, Apron & Towel Supply Co. v. Grant Bldg., Inc., 102 Pa. Superior Ct. 373, 381, which holds:

" 'Corporations may transact, in addition to their main undertaking, all such subordinate and connected matters as are, if not essential, at least very convenient to the due prosecution of the former' ".

We cannot understand how this case helps the plaintiff. In another part of this opinion we have shown that the Act of 1899 does not apply to the printing business, and if a tax was paid it was a voluntary payment which plaintiff was not bound to make. We think the plaintiff cannot qualify as the party plaintiff in this case by paying a tax which it is not required under the Act of 1899 to pay.

See also Malone v. Lancaster Gas Light, etc., Co., 182 Pa. 309.

The plaintiff also refers us, in support of its position that the taxes were legally paid, to Philadelphia v. Commonwealth, 52 Pa. 451, which holds:

"In the settlement of an account by the auditor-general against a debtor of the Commonwealth, approved by the state treasurer, the submission of all necessary vouchers to him, and all due examination, is to be presumed. Being a public duty, *omnia præsumuntur rite acta.*"

We think this case does not support the contention of the plaintiff. We have already held it was not required to pay a tax under the Act of 1899, and if payment was made it was voluntary. In the face of the decisions interpreting the Act of 1899 we are clearly of opinion that the plaintiff was not required to pay this tax. If the taxing power at Philadelphia assessed the tax upon this corporation which it was not bound to pay we cannot presume that it was regularly and legally assessed. If, under the Act of 1899, this plaintiff had been required to pay a tax, then the doctrine above quoted would apply, but if the assessment of the tax was illegal and void certainly the rule does not apply.

In Houseman v. International Navigation Co., 214 Pa. 552, counsel for the plaintiff refers us to the opinion of Mr. Justice Mestrezat, at page 563, where that learned justice said:

" 'The law will presume all to have been rightly done *unless the circumstances of the case overturn this presumption,* and, consequently, as stated by the supreme court of the United States . . . "acts done which presuppose existence of other acts to make them legally operative are presumptive proofs of the latter" ' ". (Italics ours.)

Certainly this is the law, but counsel for the plaintiff overlooked the words "unless the circumstances of the case overturn this presumption." Clearly the presumption is overturned in the instant case.

It thus appears from the record that this suit was brought prior to the payment of the tax, and therefore it follows that the plaintiff had no legal authority to use the process of this court prior to the time the plaintiff had paid the tax.

We definitely hold that in order to sustain a taxpayer's bill the taxpayer must be one who, bona fide, pays a lawfully assessed and valid tax.

We conclude, therefore:

1. The plaintiff corporation by its own evidence was not a taxpayer on June 3, 1933, or on April 10, 1934, and did not pay a tax prior to April 10, 1934.

2. If the plaintiff corporation is engaged in the "business of printing" and makes a profit from that business, and if the "business of printing" is necessary for the protection and defense of the Constitution of Pennsylvania, and if the profit derived from the "business of printing" is incidental to the corporate power to "protect and defend the Constitution of Pennsylvania" and permissive under section 309 of the Nonprofit Corporation Law of 1933, it does not follow that plaintiff corporation is subject to a mercantile license tax under the Act of 1899.

For the reasons herein given we think we must sustain exceptions 43, 44, 45 and 47, and the plaintiff's bill of complaint is therefore dismissed, at its cost.

Being of opinion that the plaintiff's bill should be and is dismissed, it is not necessary that we consider the other exceptions of the defendant corporation to the opinion of the chancellor.

### Decree nisi

And now, June 8, 1936, this case was heard by the court in banc on exceptions to the chancellor's opinion and decree nisi, and after due consideration thereof it is ordered, adjudged and decreed that the plaintiff's bill of complaint be and is hereby dismissed; the costs to be paid by the plaintiff.

From Homer L. Kreider, Harrisburg.